Steve Bonaldo et al. *v.* Board of Zoning Appeals of the City of New Haven et al.

Louis Pecoraro et al. *v.* Board of Zoning Appeals of the City of New Haven et al.

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued June 9—decided June 30, 1959

*David M. Reilly, Jr.,* for the appellant (defendant Harlaco, Inc.) in each case.

*Frank A. Piccolo,* for the appellees (plaintiffs) in each case.

KING, J.   Each of these two cases, which were tried together, is an appeal by an abutting property owner from the action of the defendant board of zoning appeals in authorizing the defendant Harlaco, Inc., to erect a one-story packaging factory, 100 feet square, on vacant land in a residence B zone on Middletown Avenue in New Haven.   In the view which we take of these cases, no corrections in the finding which could be granted would affect the result.   The tract has a frontage of over 200 feet on the easterly side of Middletown Avenue, which runs in a southwesterly direction.   The north boundary of the tract, about 800 feet in length, forms part of the boundary between North Haven and New Haven. The rear of the plaintiffs' residences, which front on Westminster Street, abut the tract on the south. As pointed out by the trial court in its memorandum of decision, technically Harlaco originally appealed to the board from the refusal of the building inspector to grant a permit for the factory.   Since to grant such a permit necessarily required a variance downgrading the tract to availability for industrial use, and the board treated Harlaco's application, which it granted, as one for a variance, the present parties and the court considered the present appeals as from the granting of a variance.   We pursue the same course.   *Paul* v. *Board of Zoning Appeals,* 142 Conn. 40, 41, 110 A.2d 619.

The board gave the following as its reasons for granting a variance for the entire tract:   (1) No

residences had been built on Middletown Avenue for almost thirty years and it was unlikely that if any were built they could be sold. (2) Only two residences on Middletown Avenue are within 1000 feet of the proposed location, the other land in the immediate vicinity being vacant brush land. (3) North Haven has changed the zone of property abutting the Harlaco property to industrial, and a truck terminal adjoins Harlaco's property. (4) The main truck route between New Haven and Middletown is Middletown Avenue, and this discourages the use of the avenue for residential purposes. (5) For all of the above reasons, the property cannot be used for any of the uses permitted in a B residence zone but only for those permitted in a business or industrial zone, thereby making the application of the zoning laws to this tract confiscatory. The board drew the ultimate conclusion that there existed practical difficulty and unnecessary hardship justifying the granting of a variance. New Haven Zoning Ordinance § 1033 (7) (1956).

Harlaco purchased the property in March, 1957, and about two months later made its application to the board. At the time of the purchase, there was no ambiguity or confusion in the zoning regulations governing the use of the tract which could warrant a finding of hardship, as there was, for instance, in *Leveille* v. *Zoning Board of Appeals,* 145 Conn. 468, 472, 144 A.2d 45. The land was in New Haven, and the fact that North Haven had permitted industrial uses of adjoining land in that town did not change the comprehensive plan of zoning of New Haven. *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 600, 108 A.2d 899; *Wil-Nor Corporation* v. *Zoning Board of Appeals,* 146 Conn. 27, 28, 147 A.2d 197. The basic question involved in these appeals is

whether the board acted illegally, arbitrarily or in abuse of its discretion in the exercise of whatever power to grant variances there was vested in it by the zoning ordinance. The portion of the ordinance involving the power to grant variances is quoted, and the conditions which must exist to authorize the granting of a variance under its terms are well summarized, in *Plumb* v. *Board of Zoning Appeals,* supra. With perhaps wearisome repetition they have been restated in subsequent cases involving the granting of variances under the same ordinance, including *Devaney* v. *Board of Zoning Appeals,* 143 Conn. 322, 325, 122 A.2d 303; *Culinary Institute of America, Inc.* v. *Board of Zoning Appeals,* 143 Conn. 257, 261, 121 A.2d 637, and *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 721, 137 A.2d 755.

The court viewed the premises and found, inter alia, that the general area was, and had been, undergoing development for residential purposes, with many new, high-grade, one-family houses, and that there was nothing about the topography of the tract which was unusual or would interfere with its use for residential purposes. No expert testimony was required for either of these findings. The trial court correctly held that there was no reasonable justification for the conclusion of the board that the only feasible use of the land is business or industrial and that it would be confiscatory to restrict it to residential use. Harlaco bought this property when it could lawfully be devoted only to a residential use and through the medium of this variance now seeks to build a packaging factory on it. While no cases are factually identical, the present appeals are similar to, and in essence controlled by, *Spalding* v. *Board of Zoning Appeals,* supra. The trial court correctly sustained the appeals, and this is so even if the addi-

tional evidence of the witnesses DePalma and Fisher is disregarded in accordance with Harlaco's claim that the court was in error in admitting it.

There is no error in either case.

In this opinion the other judges concurred.