## CELENTANO, INC. *v.* BOARD OF ZONING APPEALS OF NEW HAVEN

KING, MURPHY, SHEA, ALCORN and LOISELLE, Js.

Argued April 5—decided June 19, 1962

*Alfred F. Celentano,* for the appellant (plaintiff).

*Harold M. Mulvey,* corporation counsel, with whom, on the brief, was *Horace F. Trotta,* assistant corporation counsel, for the appellee (defendant).

SHEA, J. The plaintiff applied to the board of zoning appeals of New Haven for a variance of the zoning ordinance to permit the use of property at 232 Dwight Street as an automobile parking lot. The board denied the application, and the plaintiff appealed to the Court of Common Pleas. The court rendered judgment dismissing the appeal, and the plaintiff has appealed to this court.

The property in question is on the westerly side of Dwight Street and is 48 feet wide and 136 feet deep. The plaintiff proposes to demolish the two-family dwelling which is on the property. Thereafter, the plaintiff intends to use the premises as an automobile parking lot incidental to its funeral business, which is operated at the corner of Dwight and Elm Streets. Between the plaintiff's property at 232 Dwight Street and the property used for the funeral business are premises known as 236 Dwight Street, on which there are a three-family house and,

in the rear, five garages. The plaintiff's funeral home is known as 424 Elm Street. The southern part of the property on which the funeral home is located is paved with asphalt which extends to the northern line of the premises at 236 Dwight Street. The area covered with asphalt is used for parking cars. All of the property mentioned above is zoned residence C. Should the variance requested by the plaintiff be permitted, the property at 236 Dwight Street would stand isolated between the plaintiff's parking lots. The funeral business on the original Elm Street property is a legal nonconforming use. As the business expanded, additional property was acquired by the plaintiff from time to time, and variances for its use were granted by the board of zoning appeals. The plaintiff bought the premises at 232 Dwight Street in June, 1958, to enlarge the parking facilities for its business.

The New Haven ordinance empowers the defendant board to grant variances where there are "practical difficulties or unnecessary hardships in the way of carrying out the strict letter of any provision of . . . [the] Ordinance, or where the effect of the application of the Ordinance is arbitrary." New Haven Zoning Ordinance § 1033 (7) (1958). The plaintiff, in its appeal to the Court of Common Pleas, alleged that the board acted illegally, arbitrarily and in abuse of its discretion by failing to consider the practical difficulties and the hardship to the plaintiff and other residents of the area. The words "practical difficulties" have little, if any, significance in themselves. *Devaney* v. *Board of Zoning Appeals*, 132 Conn. 537, 541, 45 A.2d 828. Although the plaintiff's application for a variance was based on "practical difficulties," the trial court, by a broad interpretation of the application, en-

larged its scope to include the claim of unnecessary hardship. This interpretation was, perhaps, more favorable to the plaintiff than the language of the application warranted. See *Talmadge* v. *Board of Zoning Appeals*, 141 Conn. 639, 643, 109 A.2d 253. That consideration aside, we find nothing here to support the claim that the board acted illegally, arbitrarily and in abuse of its discretion. This court has repeatedly held that the power to grant a variance must be sparingly exercised. *Paul* v. *Board of Zoning Appeals*, 142 Conn. 40, 43, 110 A.2d 619. There is no evidence to show that the plaintiff would suffer any practical difficulties or unnecessary hardships because of the denial of its application. Although it may be true that the plaintiff's business interests would be better promoted if the use of the premises as a parking lot were permitted, financial advantage or pecuniary loss does not furnish a basis for a finding of practical difficulties or unnecessary hardships as contemplated by the zoning ordinance. *Paul* v. *Board of Zoning Appeals,* supra. The hardship claimed is in no sense peculiar to the property at 232 Dwight Street. See *Talmadge* v. *Board of Zoning Appeals,* supra, 644; *Plumb* v. *Board of Zoning Appeals,* 141 Conn. 595, 600, 108 A.2d 899. Furthermore, the plaintiff was fully aware, when it purchased the property in 1958, of the limitations imposed on its use. The plaintiff has no cause now to complain. *Spalding* v. *Board of Zoning Appeals,* 144 Conn. 719, 722, 137 A.2d 755; *Bonaldo* v. *Board of Zoning Appeals,* 146 Conn. 595, 598, 153 A.2d 429.

The plaintiff also claims that the board did not comply with the requirements of the ordinance concerning notice before it held the public hearing on the plaintiff's application. Compliance with the pro-

visions of the ordinance as to notice is a prerequisite to any valid action by the board. *Neuger* v. *Zoning Board*, 145 Conn. 625, 630, 145 A.2d 738; *Smith* v. *F. W. Woolworth Co.*, 142 Conn. 88, 94, 111 A.2d 552. Notice of a public hearing on April 12, 1960, was given by publication in a newspaper three different times. The hearing was, however, postponed until June 14, 1960, and notice of the hearing on that date was also given by publication in a newspaper on three different occasions. The plaintiff insists that notice of the hearing should have been given to the aldermen of the ward or wards concerned and to the owners of property located within 200 feet of the property in question. Section 1033 (8) of the ordinance requires the board, before it holds a public hearing on appeals from the building inspector, to give notice to the aldermen and to such property owners at least seven days before the date of the hearing. This requirement has, however, no application to the present case because here the plaintiff applied directly to the board for the variance. The building inspector was not involved in the proceedings. The charter of the city of New Haven and the ordinances adopted thereunder clearly contemplate two procedures for invoking the jurisdiction of the zoning board of appeals. New Haven Charter §§ 225, 229 (1952); 19 Spec. Laws 1006 § 1, 1007 § 6; New Haven Zoning Ordinance §§ 1033, 1033-A (1958). An aggrieved party may appeal from the action of the building inspector, who is charged with the administration of the zoning ordinance, and, where such an appeal is taken, the notice prescribed by § 1033 (8) of the ordinance must be given. On the other hand, application for relief may be made directly to the board by a property owner, and then,

under the beginning paragraph of § 1033, the only requirement is that "public notice" be given of the hearing. That requirement was satisfied in this case, and therefore the plaintiff has no just cause to complain.

We are not unmindful of our decision in *Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 650, 13 A.2d 675, where we assumed that the New Haven board of zoning appeals had no original jurisdiction and that it could act only on an appeal from an order or ruling of the building inspector. In that case, however, there was an agreed statement of counsel to that effect. Careful examination of the provisions of the New Haven charter cited above, and of the ordinances adopted pursuant thereto, clearly demonstrates a right of appeal to the board either directly or from an order of the building inspector. In this connection, it is important to note that some of the language of § 1033 of the ordinance is taken verbatim from § 225 of the charter (19 Spec. Laws 1006, § 1), which authorizes the board of aldermen to adopt zoning regulations and to provide that a board of appeals "may determine and vary their application in harmony with their general purpose and intent and in accordance with general or specific rules therein contained." In § 229 of the charter (19 Spec. Laws 1009, § 6), the board of zoning appeals is authorized to "hear and act upon any other matters for which provision is made in the ordinance." The action of the board is not limited to cases where an appeal is taken from the doings of the building inspector.

One other claim made by the plaintiff deserves attention. On March 18, 1958, the board of zoning appeals adopted a memorandum of policy which established standards for judging the effect of re-

quested variances and special exceptions.[1] The plaintiff argues that the board has no legal right to restrict its action by the adoption of such a policy. The authority for the creation of the board is, as pointed out above, found in § 225 of the charter (19 Spec. Laws 1006, § 1). The power of the board is defined and limited by the law from which it derives its origin and by the ordinances enacted pursuant to that law. The board has no power to enlarge or limit the scope of the authority granted it. Any attempt on its part to establish standards to be applied in cases before it could have no legal force or effect. The enunciation of such a policy serves no useful purpose, because the board is charged with the obligation of performing its functions and responsibilities in accordance with, and subject to, the conditions and limitations imposed by the source from which it derives its authority. We point out that the memorandum of policy adopted by the board on March 18, 1958, could, whatever may have been its intended purpose, lead to misunderstanding and confusion, thereby adding to an already heavy burden of litigation. We hasten to say, however, that there is nothing in the record here to indicate that the memorandum could have

[1] "The Board stated that a use variance should be granted only where: (a) the zoning regulations allow no reasonable use to be made of the property in question for reasons peculiar to the property and not applicable to the neighborhood as a whole; (b) the use proposed is the minimum variance necessary in order to allow a reasonable use of the property; and (c) this use will not impair the essential character of the neighborhood or the objectives of the comprehensive plan of the city."

"The Board further stated that where a requested use variance or a special exception is located in Renewal Study Neighborhoods (the Middle Ground), it would give 'great weight to a City Plan Department report that the granting of an appeal would contribute to the further deterioration of the area.' "

had any possible influence on the decision of the board in this case. When the board referred the plaintiff's application to the city plan department, it did no more than follow its rule or practice of referring such matters to various departments of the city government to ascertain their views. There is nothing to show that the report from the city plan department had any controlling influence on the action of the board. The practice of inviting comments from other city departments can only reflect the commendable purpose of coordinating the efforts of government in the promotion of the common welfare.

The Court of Common Pleas did not err in dismissing the plaintiff's appeal.

There is no error.

In this opinion the other judges concurred.