ELEANOR I. MAHER ET AL. *v.* THE TOWN PLANNING
AND ZONING COMMISSION OF THE TOWN OF
STRATFORD ET AL.
(two cases)

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 7, 1966—decided January 17, 1967

*Irwin M. Hausman,* with whom, on the brief, was *Milton H. Hausman,* for the appellants (plaintiffs) in both cases.

*Raymond B. Rubens,* with whom, on the brief, was *Robert N. Hunziker,* for the appellees (defendants) in both cases.

ALCORN, J.   Two appeals have been simultaneously argued before us on separate records and briefs.   In the first case, a corporation called Paradise North, Inc., had applied to the Stratford town planning and zoning commission, hereinafter called the defendant, for the approval of certain premises for what is termed a "special case" under the zoning regulations.   The purpose was to permit the construction, on the premises, of residence apartment buildings.   The defendant granted the application, and the plaintiffs, owners of adjacent properties, appealed to the Court of Common Pleas, which dismissed the appeal.   In the second case, Paradise North, Inc., had applied to the defendant for a change of zone affecting the same property. The defendant granted the application, and the plaintiffs appealed to the Court of Common Pleas, which dismissed the appeal.   During the proceedings in the Court of Common Pleas, Milton Schwartz and Ralph Smith were substituted as parties defendant in place of Paradise North, Inc., and they, together with the town of Stratford and the defendant commission, are the defendants on these

appeals.· The appeals are from the judgments in the two cases.

From what will later appear, the application for approval as a special case amounted to an application for a special exception, and, as such, the issue before the court on that appeal was whether the defendant had properly authorized a use which the zoning regulations themselves expressly permitted under specified conditions. *Huhta* v. *Zoning Board of Appeals,* 151 Conn. 694, 697, 202 A.2d 139. On the other hand, in acting on the application for a change of zone, the defendant was exercising a legislative function, and the issue before the court on that appeal was whether the defendant had acted properly within its prescribed powers to carry out the legitimate purposes of zoning. *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 172 A.2d 619; *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 75, 167 A.2d 454; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538.

The Court of Common Pleas heard testimony from which it determined that the plaintiffs were aggrieved persons entitled to appeal. That conclusion is not contested. It also heard other evidence, including testimony concerning the asserted disqualification of the chairman of the defendant from participating in the hearing and decision on the two applications. Having conducted a hearing, the court made a limited finding. The finding is identical in each case. In each one, the court sets forth its conclusions, which it states are "reached from an examination of the record." We take this statement to mean that the conclusions are based on the record of the proceedings conducted by the defendant and filed with the court by the defendant

pertinent to each appeal. This meaning is demonstrated by the fact that the conclusions are confined to subject matter properly to be determined from the defendant's record. Those conclusions are, in summary, that the defendant had discretion "to make the change of zone" and that it did not act arbitrarily, or illegally, or abuse that discretion. Since both appeals thus appear to be decided as appeals from a change of zone, we turn, without success, to the court's memoranda of decision for enlightenment. From them, it would appear that both cases were decided as appeals from the defendant's approval of the premises as a "special case".

The errors assigned by the plaintiffs in each appeal are addressed to the finding. Among them is the claim, in each case, that the defendant "acted illegally . . . in granting the zone change." The use of this phraseology in the special case appeal indicates that the plaintiffs, as well as the court, have failed to distinguish the nature of the two appeals. In view of the confusing state of the records, we shall treat the cases as the parties have done and consider that the issue of the legality of the defendant's action is sufficiently raised in each case. A determination of this issue is conclusive of each appeal.

The Stratford zoning regulations provide for a one-family residence district in which residence apartment buildings are not named among the uses permitted as a special case. Stratford Zoning Regs. §§ 4.1.1, 4.1.6–4.1.9 (1957 as amended). The property involved in these applications was in such a district, called RS-4. The regulations also provide for multifamily districts, called RM-1, in which residence apartments are named among the uses permitted as a special case. § 5.1.7. It was to such

a district that the subject property was sought to be rezoned.

Section 20.2 of the regulations provides that uses which are named as special cases in the regulations shall be considered to be permitted uses in the districts in which they are named, subject to approval by the defendant as to each specific use after a consideration of enumerated factors. Section 20.1 provides that all applications for approval of uses named as special cases shall be made to the defendant.

Section 19.1 of the regulations empowers the defendant, on petition made to it, to adopt, change or repeal regulations or districts, and § 19.1.1 requires, as a prerequisite to such action, a public hearing and notice by publication in a newspaper having a substantial circulation in Stratford. The record shows that this requirement was complied with.

As to any application or petition made to the defendant, however, § 21.5 of the regulations further provides as follows: "NOTICE TO BE POSTED ON PREMISES The Town Planning and Zoning Commission or the Board of Zoning Appeals, on any application or petition filed with it, or the Town Planning and Zoning Commission on any matter raised on its own motion which requires publication of notice thereon, shall post conspicuously on the premises on which action is pending so that it may be easily seen and read, a printed placard at least 11″ x 14″ in size, on white or yellow card stock, in black ink as follows: 'ZONING Use Change' in two lines of 72 point type, 'Requested Here' in one line of 60 point type, followed by, in writing in black grease crayon, the location, time and place of the public hearing to be held thereon. Such placard shall be posted on

such premises at least five days preceding such hearing. Any person mutilating, tearing down, removing or obstructing the view of such placard shall be found guilty of a misdemeanor punishable under the provisions of Section 17 of these regulations. This penalty clause shall be printed in 12 point type on the placard."

Compliance with § 21.5 of the regulations was a prerequisite to action by the defendant on either of the applications presented to it. *Celentano, Inc.* v. *Board of Zoning Apppeals,* 149 Conn. 671, 674, 184 A.2d 49; *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 250, 83 A.2d 201. The court determined that notice of the hearing had been given by the defendant in accordance with the Stratford zoning ordinance. In this the court erred. The record in each of the cases before us fails to disclose any compliance whatever with the notice requirement of § 21.5 of the zoning regulations. It follows, necessarily, that the defendant acted illegally in granting the application in each case.

This conclusion makes it unnecessary to discuss other aspects of the cases which otherwise might merit consideration.

There is error in both cases, the judgments are set aside and the cases are remanded with direction to render judgments sustaining the appeals.

In this opinion the other judges concurred.