## First Church of Christ, Scientist, et al. *v.* Friendly Ice Cream et al.

House, Thim, Ryan, Shapiro and Loiselle, Js.

Argued April 7—decided June 1, 1971

*Sidney Zucker,* for the appellants (plaintiffs).

*William J. Butler,* with whom was *Aaron L. Gersten,* for the appellee (named defendant).

No appearance for the appellees (defendant Salvio et al.).

LOISELLE, J. This is an appeal from a judgment of the Court of Common Pleas denying the plaintiffs the injunctive and other relief which they sought.

The defendant, Friendly Ice Cream, is the owner of certain property on West Main Street in the city of New Britain which is adjacent to the property of the plaintiff First Church of Christ Scientist and opposite the properties of the plaintiffs Temple B'Nai Israel and St. George Orthodox Church. All of the aforementioned properties are within a zone designated as an OP (office–public buildings) district under the zoning ordinances of the city of New Britain. On August 26, 1968, an application for a permit to construct a restaurant on the property was made by Friendly Ice Cream. At the time the application was made a restaurant was a permitted use in an OP district under § 130-10-120 of the New Britain zoning ordinances. On September 18, 1968, certain amendments to the zoning ordinances were enacted by the common council. The effect of these amendments was to remove a restaurant use from the list of permitted uses in an OP district under § 130-10-120 and make such a use in an OP district a special exception under a newly created § 130-20-150. Subsequently, on October 17, 1968, the application of Friendly Ice Cream for a permit to construct a restaurant on its property was granted by the defendant building commission of the city of New Britain.

The parties here neither briefed nor argued the effect of an application made while the use was permitted and before the effective date of a change of the ordinance and hence we do not consider the question of retroactivity. The trial court, in essence, upheld the issuance of the building permit to

Friendly Ice Cream for the construction of a restaurant in an OP district on the ground, among others, that the amendments to the zoning ordinances which had the effect of changing a restaurant use in an OP district from a permitted use to a special exception were not validly enacted in accordance with procedures set forth in the charter of the city of New Britain. The plaintiffs have assigned error in the court's conclusion that the amendments were invalid because of failure to comply with the provisions of §§ 3134 and 3135 of the charter of the city of New Britain. The court's conclusions are to be tested by the finding and must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

The city of New Britain operates under a special charter granted by the General Assembly in 1961. 30 Spec. Acts 404, No. 420. The common council of New Britain can enact and amend the zoning ordinances pursuant to this special charter.

Section 3135 of the charter of New Britain provides that the zoning ordinances may be amended "but only after notice and public hearing, as hereinbefore provided for the [establishment of] initial districts and regulations." Section 3134 of the charter provides that a public hearing with respect to the establishment of initial districts and regulations must be held and that "[n]otice of the time and place of such hearings shall be publicized in the form of a legal advertisement appearing in a newspaper having a substantial circulation in said city at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hear-

ing." Compliance with the charter provision concerning notice and public hearing was a prerequisite to any valid and effective amendment of, or a change in, the zoning regulations. See *Maher* v. *Town Planning & Zoning Commission,* 154 Conn. 420, 425, 226 A.2d 397; *Aurora* v. *Zoning Board of Appeals,* 153 Conn. 623, 624, 220 A.2d 277; *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532, 536, 191 A.2d 553; *Steiner, Inc.* v. *Town Plan & Zoning Commission,* 149 Conn. 74, 76, 175 A.2d 559; *Celentano, Inc.* v. *Board of Zoning Appeals,* 149 Conn. 671, 674, 184 A.2d 49; see, generally, 1 Yokley, Zoning Law and Practice (3d Ed.) § 7–9; note, 96 A.L.R.2d 449, 471.

The following facts found by the court relevant to the issue of whether there was compliance with the notice provisions of § 3134 are undisputed: On July 17, 1968, the aforementioned amendments to the zoning ordinances were introduced in the common council of the city of New Britain; the proposed amendments were referred to the city plan commission for a report in accordance with the procedure in the city charter; on August 6, 1968, the city plan commission held a hearing on the amendments and reported favorably on them; on August 20, 1968, and on August 29, 1968, the zoning committee of the common council published in a New Britain newspaper notice of a public hearing of the zoning committee to be held on September 3, 1968, regarding the proposed amendments.

The court further found that the public hearing, the notice of which provided it was to be held on September 3, 1968, was not held until September 9, 1968. The plaintiffs have not attacked this finding. They have assigned error in the trial court's refusal to find a certain paragraph of their draft finding to the effect that the meeting was held on September 3.

They have not pointed, however, to some part of the appendix, the pleadings, or an exhibit properly before us which discloses that the defendants admitted that the fact in question was true or that its truth was conceded to be undisputed. Moreover, minutes of the regular meeting of the common council, a portion of which is printed in the plaintiffs' appendix, state that the public hearing was held on September 9, 1968. The plaintiffs' assignment of error, therefore, is without merit, and they are not entitled to an addition to the finding of the fact in question. See *State* v. *Dukes,* 157 Conn. 498, 500, 255 A.2d 614; *Morrone* v. *Jose,* 153 Conn. 275, 277, 216 A.2d 196.

The conclusion of the court that the amendments in question were not enacted in accordance with the notice and hearing provisions of §§ 3134 and 3135 of the charter is legally and logically consistent with the subordinate facts. More than fifteen days elapsed between the first advertisement of the public hearing which was published on August 20, 1968, and the public hearing which was held on September 9, 1968. Thus, there was no compliance with the requirement that the first advertisement with respect to the date of the public hearing must be published not more than fifteen days before such hearing.

Section 3135 of the charter also provides in part that a statement of the vote of the city plan commission with respect to any proposed changes in the zoning regulations "shall be publicly read at any public hearing held thereon," and the "full report of the city plan commission regarding such proposal shall include the result of the commission's vote thereon and shall be incorporated into the records of any public hearing held thereon." Procedural steps as set forth in § 3135 are mandatory and their

omission renders the amendment invalid. *Scovil v. Planning & Zoning Commission,* 155 Conn. 12, 14, 230 A.2d 31; *Maher* v. *Town Planning & Zoning Commission,* 154 Conn. 420, 425, 226 A.2d 397; *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901.

The following facts are relevant to the issue of whether there was compliance with the provisions of § 3135 of the charter as to the statement of the vote of and the report of the city plan commission regarding the proposed amendments: The court found that on August 6, 1968, the city plan commission reported favorably on the proposed amendments; the court further found that a statement of the vote of the commission approving the proposed amendments was not read at any public hearing and the full report of the commission with respect to the amendments and its vote thereon was not incorporated into the records of any public hearing. This finding has been attacked by the plaintiffs. The plaintiffs, however, have printed no evidence in the appendix to their brief which would in any way substantiate their attack. The challenged finding, therefore, must stand.

In short, the trial court did not err in concluding that the amendments to the zoning ordinances were invalid because of failure to comply with the provisions of §§ 3134 and 3135 of the charter of the city of New Britain. Since a restaurant was a permitted use in an OP district under the zoning ordinance as it existed prior to its amendment, it follows that the issuance of a restaurant building permit to Friendly Ice Cream was proper.

The plaintiffs have pursued several other assignments of error. We need not review these conclusions, however, since they would not affect the final

result. *Covino* v. *Pfeffer,* 160 Conn. 212, 217, 276
A.2d 895; *Fritz* v. *Mazurek,* 156 Conn. 555, 561, 244
A.2d 368; *Goldstein* v. *Hartford,* 144 Conn. 739, 740,
131 A.2d 927.

There is no error.

In this opinion the other judges concurred.