[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the action of the East Hartford Planning and Zoning Commission denying the plaintiffs' application for a special permit use to construct a Super Stop Shop supermarket in the Town of East Hartford.
The Commission denied the application for the following reasons:
 1. The special permit use does not meet all the requirements for a special permit in this zone; 2. It does not promote the health, safety and general welfare of the community; 3. The proposed use is not in harmony with the intent of the zoning regulations; and 4. It is likely to cause traffic, safety and congestion problems or have other detrimental effects on the surrounding area.
Plaintiff appeals claiming that the record lacks substantial evidence to support any of the Commission's reasons for its action. CT Page 1871
The defendant has challenged the plaintiff's aggrievement, and the Court at hearing heard testimony that the plaintiff John Hancock Mutual Life Insurance Company is in fact the owner of the property for which the application was made, and the other plaintiff John Hancock Properties, Inc., is a wholly owned subsidiary of the property owner and as manager of the property derives its revenues from the value of the property which it manages. There is no doubt but that the plaintiffs are aggrieved, and the Court so finds.
When acting upon a special permit, a zoning commission acts in an administrative capacity. Sheraton v. Planning Board, 159 Conn. 1, 16; Mayer v. Town Planning 
Zoning Commission, 154 Conn. 420, 422; A.P.W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 186. The Commission's function is to determine whether (1) the applicant's proposed use of the property is expressly permitted under the Commission's regulations; (2) whether the standards and the relevant zoning regulations are satisfied; and (3) whether conditions necessary to protect public health, safety, convenience and property values, as provided by section 8-2 of the Connecticut General Statutes, can be established. Housatonic Terminal Corporation v. Planning 
Zoning Board, 168 Conn. 304, 307; A.P.W. Holding Corporation v. Planning Zoning Board, supra at 185.
When the agency acts upon a special permit application, its actions are governed by existing provisions of its own regulations. A.P.W. Holding Corporation v. Planning Zoning Board, supra at 186. The zoning regulations must contain standards for the issuance of special permits, and where those standards exist, the commission must adhere to them and cannot deny an application which conforms with the criteria in the regulations. DeMaria v. Planning Zoning Commission, 159 Conn. 534, 540-541; Farina v. Zoning Board of Appeals, 157 Conn. 420, 422; Powers v. Common Council,154 Conn. 156, 160.
The defendant Commission has argued in several of its presentations that there is some "legislative" component to the Commission's action in this situation, and that the Commission is somehow vested with greater power because of that. The Court rejects the implication that the Commission's action in acting on an application for special permit use is anything but an administrative function of its duties.
At oral argument the defendant did not press its earlier claim that there was substantial evidence in the record to sustain the Commission's second reason concerning the health, safety and general welfare of the community. The CT Page 1872 Court has reviewed at great length the record and the claims of the parties and finds that reasons 1 and 3, having essentially to do with the same claim of noncompliance with the zoning regulations, can only be sustained if the land for which the application was made is for purposes of a special permit use application, two separate and distinct "lots." The Court will discuss that issue further later in this opinion, of the parties and finds that reasons 1 and 3, having essentially to do with the same claim of noncompliance with the zoning regulations, can only be sustained if the land for which the application was made is for purposes of a special permit use application, two separate and distinct "lots." The Court will discuss that issue further later in this opinion, but for now the Court notes its finding that, if the land for which the application is made is to be considered as one "lot" for the purposes of assessing zoning compliance with the East Hartford regulations, there is no substantial evidence in the record that there is any violation and, but for the "two lot" claim by the defendant, there is no basis in the record for the Commission's reasons 1 and 3. The Court's ruling on the Commission's fourth reason will also be discussed later in this opinion.
The question of whether the property for which the application in question was made is one lot or two is resolved by the East Hartford Zoning Regulations themselves. In section 200 of those regulations, a definition is provided as follows:
 Lot: A plot or parcel of land under the same ownership occupied or capable of being occupied by one principle building and the accessory buildings or uses customarily incident to it including such yards and area as are required by these regulations. In the case of public, institutional, multi family, commercial or industrial buildings, a group of buildings under the same ownership may be considered as occupying the same lot. A lot may or may not be the land shown as a lot on a recorded deed or plot.
After the public hearing was closed, the corporation counsel provided a memorandum dated the day before the Commission vote to the town planner (Record No. 6) in which he opines that the lot definition quoted above is not applicable in this matter." Counsel advised the Commission that, because a portion of the property for which application was made is shown as a Lot No. 9 on a resubdivision, the East Hartford Subdivision Regulation definition of lot applied and counsel CT Page 1873 advised the Commission that they should consider the application's conformity with zoning as if the proposal was made for two separate lots. This implicated any number of side yard, setback and other requirements which would make the application not conform to the zoning regulations. This opinion is totally wrong, and the decision of the Commission cannot stand since it was obviously based on this opinion.
While commission members are clearly entitled to technical and professional assistance in matters that are beyond their expertise, the providing by counsel of additional factual bases which the applicant was not permitted to rebut (since these facts were submitted after the public hearing) amounts to use by the Commission of material nonrecord facts it had to allow the applicant an opportunity to rebut at an appropriate stage in the proceedings. Connecticut National Gas Corporation v. PUCA, 183 Conn. 128, 139 (footnote 9) (1981).
Whether the error by the corporation counsel is analyzed as the submission of extra record evidence, or whether the error is analyzed as the Commission providing an incorrect legal interpretation of its own regulations, the fact remains that there is no substantial evidence in the record to sustain the Commission's reasons 1 and 3.
The final possibility for sustaining the action of the Commission would be the Commission's reason number 4, that the proposed Super Stop Shop would be "likely to cause traffic, safety and congestion problems or have other detrimental effects on the surrounding area." In this regard the Court notes the following provisions in the East Hartford Zoning Regulations:
Section 232 — Planning Zoning Commission
 Responsibilities 232.1 — Special permits shall be granted only where the Planning Zoning Commission finds that the proposed use or the proposed extension or alteration of an existing use is in accord with the public interest, convenience and welfare after taking into account where appropriate:
 a. The nature of the proposed site, including its size and shape and the proposed size, shape and arrangement of structures. CT Page 1874
 b. The resulting traffic patterns and adequacy of proposed offstreet parking and loading.
 c. The nature of the surrounding area and the extent to which the proposed use or feature will be in harmony with the surrounding area.
 d. The proximity of dwellings, churches, schools, public buildings and other places of public gatherings.
 e. All standards contained in these regulations.
 f. The plan of development for the Town of East Hartford and other expressions of the purpose and intent of these regulations. . .
 232.2 The Planning Zoning Commission shall require that a plan of development for a proposed special permit use shall be submitted showing the location of all buildings, parking areas, traffic access and circulation, open spaces, landscaping and other pertinent information that may be necessary in the opinion of the Commission to determine that the proposed special permit use is in harmony with the intent of these regulations and that such special permit use is not likely to create traffic safety or congestion problems, of cause depressed values or have other detrimental effects on properties in the surrounding neighborhood.
When the language of the zoning regulations is compared with the language of the reasons given for the denial, it is clear to the Court that no attempt was made to do much more than use the language of the regulations wherever the Commission thought it might be remotely applicable.
Thus, while the Court has reviewed the traffic information in the record with some care, there is the slim possibility that the Court might be able to find some evidence to sustain the Commission's concern about traffic, if the Court could perceive with any accuracy just exactly what the Commission's concern was. The Commission's counsel in its CT Page 1875 numerous briefs has made outlandish arguments, misquoting the plaintiffs' traffic study, and that inadequacy, combined with the possible tainting of the proceeding by the erroneous opinion of the corporation counsel, convinces the Court that the appeal must be sustained.
The Court expresses no opinion on whether the language of the zoning regulation permits the Commission to use off-site traffic impact as a reason to deny the application, because it is not clear that the Commission relied in any significant manner on this "reason," given the "boilerplate" used in its stated reasons for denial. See, TLC Development, Inc. v. Planning Zoning Commission, 215 Conn. 527
(1990).
Because it is not completely clear from the confused posture of the record and the arguments of counsel that the only avenue open to the Commission would be to approve this application, the Court will take no further action than sustaining the appeal.
Judgment will enter accordingly.
Koletsky, J.