[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a denial of a special case application to the Stratford Zoning Commission. The property owner, Exxon Corporation, proposed to demolish an existing gasoline service station and reconstruct a self-service gasoline pump facility with a canopy and a convenience store on its property located at 2820 Main Street in Stratford. As the property owner and unsuccessful applicant the plaintiff has standing to take this appeal. Bossert Corporation v. City ofNorwalk, 157 Conn. 279, 285.
The subject property is partially in a CA zone and partially in an LB zone. The gasoline service stations are not a permitted use in the LB zone, but with some limitations, retail services are allowed in the CA zone. See § 7.1.3 Stratford Zoning Regulations. Self-service stations are also permitted in the CA zone, but § 7.1.4 provides that a self-service gasoline station requires the approval of a special case by the zoning commission. The zoning regulations do not expressly provide for the specific use requested here, a self-service gasoline station with an attached convenience store. However, since a self-service gasoline station was part of the application, special case approval under § 20 of the Zoning Regulations was required.
A special case under the Stratford Zoning Regulations is the same thing as a special permit or special, exception under CT Page 5745 zoning regulations of other municipalities. See Maher v.Planning Zoning Commission of Stratford, 154 Conn. 420, 422. These terms have the same meaning A. P. W. Holding Corporationv. Planning Zoning Board, 167 Conn. 182, 186, and are authorized by § 8-2 of the General Statutes. When acting upon a special case, the zoning commission acts in an administrative capacity. Sheridan v. Planning Board, 159 Conn. 1, 16. The Commission must determine whether (1) the proposed use of the property is expressly permitted under the zoning regulations, (2) whether the standards in the relevant zoning regulations are satisfied, and (3) whether conditions necessary to protect public health, safety, convenience and property values, provided by § 8-2 of the General Statutes can be established.Grace Community Church v. Planning Zoning Commission,42 Conn. Sup. 256, 261; Housatonic Terminal Corporation v. Planning Zoning Board, 168 Conn. 304, 307. When the zoning commission acts upon a special case, it is required to give reasons for its action. Section 8-3c C.G.S. Where, as here, reasons are given, the court on appeal determines whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the agency is required to apply under the zoning regulations. Id, 305, 306; GraceCommunity Church v. Planning Zoning Commission, supra, 260.
The Commission gave five reasons for denial of the application: (1) inadequate parking; (2) increased traffic risk in a highly concentrated area; (3) failure to provide a traffic study; (4) lack of provision for handicapped parking; and (5) lack of compliance with § 20.2.1(d) of the Zoning Regulations. Where a special case is denied it is sufficient if any one of the reasons given supports the Commission's action. HousatonicTerminal Corporation v. Planning Zoning Board, supra, 306. Where none of the assigned reasons are valid, the court can sustain the appeal and order the special case to be granted.DeMaria v. Planning Zoning Commission, 159 Conn. 534, 541,542. The first and third reasons for denial, namely inadequate parking and no provision for handicapped parking, are not supported by the record. The maps submitted with the application support the applicant's position that parking facilities are adequate. The remaining three reasons are all related to traffic. The subject property is located at the intersection of Main Street and Barnum Avenue, a major intersection in Stratford. An evaluation of the traffic impact of the proposed facility was a legitimate concern of the Commission, and had to be considered by it in deciding whether CT Page 5746 to approve the special case application. In § 20.2.2.2 of the Zoning Regulations there are several factors which must be considered in deciding whether traffic circulation patterns related to the site are safely designed to prevent traffic hazards both on and off the site. In addition, § 20.2.1(d), one of the reasons for denial of the application, provides as follows:
 "The design, location and specific details of the proposed use shall not adversely affect the safety in the streets nor increase traffic congestion in the area nor interfere with the pattern of highway circulation. Information on past and present roadway conditions, existing roadway capacity, traffic accidents, existing and projected traffic volumes (ADT, Peak A.M. 
Peak P.M.) existing and projected volume/capacity ratios, existing and projected levels of service and adequacy of traffic signalization and channelization shall be required for all projects impacting traffic conditions."
There is a dispute between the parties whether and when a traffic study was provided to the Commission, and evidence was presented on this issue at trial. A representative of the agent which filed and processed the application for Exxon testified that a traffic study had been prepared and that four copies of it were delivered to the Town Planner's office on January 15, 1993, prior to the public hearing. The applicant's representatives also alluded to the traffic data during the public hearing on August 17, 1993. However, the traffic study was not introduced as an exhibit at the public hearing. The Town Planner does not recall a traffic study being received by his office. The traffic study was not contained in the file on the application, and could not be located when the return of record was prepared for this appeal. The applicant's agent indicated that the traffic study had been delivered to an assistant in the office of the Town Planner. For whatever reason the traffic study prepared by the applicant was not before the Commission itself at the public hearing of August 17, 1993 or on September 21, 1993 when the special case was denied.
The conditions specified in the zoning ordinance for CT Page 5747 granting a special case may not be altered by the Commission.Lurie v. Planning Zoning Commission, 160 Conn. 265, 304; Foxv. Zoning Board of Appeals, 146 Conn. 70, 72. The Commission was required by § 20.2.1(d) of its regulations to have and consider information on roadway conditions, roadway capacity, existing and projected traffic volumes, levels of service, adequacy of traffic signals and prior traffic accidents in order to evaluate whether the project would cause traffic congestion or affect highway safety. It did not have to rely upon some limited, self-serving statements of the applicant's agents at the public hearing. The applicant did not necessarily have to prepare a complete traffic study but the Commission was required to obtain the information in some form. The Commission can consider personal knowledge of its members of traffic conditions at the site. See cases cited in Feinson v. ConservationCommission, 180 Conn. 421, 427. The plaintiff is correct that it must have reasonable opportunity to address the traffic concerns of the Commission members at the public hearing, and the application cannot be decided on post-hearing evidence.Holt-Lock, Inc. v. Zoning Commission, 161 Conn. 182, 184. However, even if the personal knowledge of the commission members is discounted, without a traffic study or more extensive evidence, the record does not show that the proposed facility would not increase traffic, and that the Commission was wrong in finding noncompliance with § 20.2.1(d) of the zoning regulations. The impact of potential traffic from the proposed use upon the major intersection where the subject property is located was an important, material factor which the Commission had to consider in deciding whether to grant the special case. It is unfortunate, and it may not have been the applicant's fault, that the traffic study was not before the Commission at the public hearing or when it made its decision, but the fact remains that the Commission did not have the report. Without adequate traffic data before the Commission, at least one of the reasons given for denial of the application was valid, and the Commission cannot be ordered to grant the special case. The application will have to be resubmitted with the traffic study and another public hearing held to resolve the traffic question.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE CT Page 5748