DANIEL STONI, JR., ET AL. *v.* ROMAN WASICKI, JR., ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, PETERS and HEALEY, Js.

Argued October 9—decision released December 25, 1979

*Richard A. Silver,* with whom, on the brief, was *Ernest F. Teitell,* for the appellants (plaintiffs).

*Irwin E. Friedman,* with whom, on the brief, was *Bracken C. O'Neill,* for the appellees (defendants).

ARTHUR H. HEALEY, J. This negligence action arises out of a collision between a Pontiac station wagon and a motorcycle which occurred on August 26, 1973, in Stamford. The owner-operator of the motorcycle and his passenger brought the present action against the defendant-operator and the defendant-owner of the station wagon to recover for personal injuries and property damage. The defendants pleaded the special defense of contributory negligence against both plaintiffs, and the defendant-owner set up a counterclaim against the plaintiff-operator for property damage to his automobile. The case was submitted to the jury on the theory that if the contributory negligence of the plaintiffs proximately caused their injuries, the plaintiffs would be barred from a recovery against the defendants. The jury rendered a verdict against the plaintiff-operator but in favor of the plaintiff-passenger in the exact amount of her medical expenses and her lost wage claim. The jury returned no verdict on the counterclaim. The plaintiffs have

appealed to this court claiming that the trial court erred (1) in its charge on the sudden emergency doctrine, and (2) in refusing to set aside the verdict for the plaintiff-passenger on the ground that it was inadequate and inconsistent as a matter of law.

Although neither the court below nor the parties so treated it, the doctrine of comparative negligence is applicable to this case. It is true that General Statutes § 52-572h, which makes of general application the doctrine of comparative negligence, did not become effective until October 1, 1973, and hence was not applicable to this case. The legislature did, in a limited manner, however, adopt the rule of comparative negligence before the passage of § 52-572h. In 1972, the legislature enacted Public Act No. 273, which provided in part: "In causes of action based on negligence arising out of the ownership, maintenance or use of a private passenger motor vehicle, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering."[1] Public Acts 1972, No. 273 § 6 (a). Public Acts, 1972, No. 273 § 6 was enacted as part of this state's

---

[1] For a discussion of the impact the enactment of General Statutes § 38-324 (Rev. to 1972) had on the law in this state see Saden, Comparative Negligence Adopted in Connecticut, 47 Conn. B.J. 416 (1973).

no-fault motor vehicle insurance plan.[2] See General Statutes §§ 38-319 through 38-351a (Rev. to 1972). Thus, the doctrine of comparative negligence was first limited in application to "causes of action based on negligence arising out of the ownership, maintenance or use of a private passenger motor vehicle."

Section 38-324 of the General Statutes (Rev. to 1972), which was the codification of Public Acts 1972, No. 273 § 6, was not entirely clear as to the circumstances under which the comparative negligence doctrine was applicable. For example, it did not expressly indicate the law applicable to a cause of action arising out of a collision involving a "private passenger motor vehicle" and a motor vehicle that was not so classified. This lack of clarity, which is well illustrated by the present case,[3] led the legislature the following year to repeal § 38-324 and to replace it by § 52-572h, which contains language of general application.[4]

---

[2] It may be that because the predecessor to General Statutes § 52-572h appeared as part of the no-fault statutes and not under the section entitled "Statutory Rights of Action and Defenses," the present location of § 52-572h, it was not readily apparent that § 52-572h in fact had a predecessor in effect at the time of the accident involved in this appeal.

[3] A motorcycle was expressly excluded from the definition of a private passenger motor vehicle by General Statutes § 38-319 (g) (Rev. to 1972).

[4] Representative David J. Sullivan, Jr., speaking in support of the bill repealing § 38-324 and replacing it with the current § 52-572h, made the following remarks:

"Mr. Speaker, the reason, or the necessity, for this particular piece of legislation arises out of the so-called No-Fault Automobile Bill . . . which was passed here in the 1972 Session. In Section 6 of that bill, as it was amended on the floor, this Doctrine of Comparative Negligence was applied to the usages of a private passenger motor vehicle and to a private passenger motor vehicle only. The Judges of our Courts have called to our attention a problem that arises out of this language, and the problem is specifically this. If

Because § 38-324, which became effective on January 1, 1973; see Public Acts 1972, No. 273 § 36; was applicable to this accident of August 26, 1973, we are required to construe it. We recognize that an argument may be made that where a cause of action is based on negligence arising out of the ownership or use of a "private passenger motor vehicle" and a vehicle not so defined, both the doctrine of comparative negligence as well as that of contributory negligence would apply. The adverse effect upon the judicial process such a construction would create is apparent. We conclude that such a result was not intended by the legislature in enacting § 38-324. The legislature's decision in 1973 to repeal § 38-324 and to replace it by § 52-572h buttresses this conclusion. We have said that "[w]hen two constructions are possible, courts will adopt the one which makes the statute effective and workable, and not one which leads to difficult and possibly bizarre results." *Kellems* v. *Brown,* 163 Conn. 478, 506, 313 A.2d 53 (1972), quoting *Muller* v. *Town Plan & Zoning Commission,* 145 Conn. 325, 331, 142 A.2d 524 (1958). In construing a statute, common sense must be used, and courts will assume that the

a private passenger automobile is involved in an accident with a truck, how do you properly prepare or request a charge . . . frame a charge to the jury, because the Doctrine of Comparative Negligence applies to the private motor vehicle, but it does not apply to the truck. . . . In order to eliminate that problem, it is proposed in this bill to strike out that section of the No-Fault Law and to set it up as a separate statute and make it apply to all motor vehicles, and, additionally, to any other type of accident, because it is felt on the part of the Committee that if negligence is to be applied in a motor vehicle accident, it ought to be applied in the same manner to a fall-down in a supermarket. This is a step forward in our law, because it eliminates the harsh doctrine of contributory negligence where if a person is even one percentile negligent he is not supposed to recover." 16 H.R. Proc., Pt. 13, 1973 Sess., pp. 6431–6432.

legislature intended to accomplish a reasonable and rational result. *Norwich Land Co* v. *Public Utilities Commission,* 170 Conn. 1, 4, 363 A.2d 1386 (1975). Accordingly, we conclude that the legislature intended § 38-324 to apply to a cause of action based on negligence arising out of the ownership, maintenance or use of a "private passenger motor vehicle" even though the accident upon which the action was based involved a motor vehicle not so defined.

The failure of the trial court to apply the doctrine of comparative negligence, although unnoticed by the parties, constituted plain error. See Practice Book, 1978, § 3063; *Campbell* v. *Rockefeller,* 134 Conn. 585, 588, 59 A.2d 524 (1948). The power of this court to remand a case for a new trial where error is found is unqualified. General Statutes § 52-265. *Jennings* v. *Reale Construction Co.,* 175 Conn. 16, 24, 392 A.2d 962 (1978).

There is error, the judgment is vacated and the case is remanded for a new trial.

In this opinion the other judges concurred.