## State of Connecticut *v.* Reed Burgess

Superior Court     Judicial District of     File No. 18-29708
                 Litchfield

Memorandum filed January 30, 1980

*Robert V. Cimmino,* special public defender, for the defendant.

*Dennis A. Santore,* assistant state's attorney, for the state.

Pickett, J. On May 18, 1979, a grand jury summoned pursuant to General Statutes § 54-45 to investigate the death of Ms. Agnes Barnhart on January 15, 1979, returned a true bill of indictment charging the defendant, Reed Burgess, with the crime of felony murder in violation of § 53a-54c of the General Statutes. The defendant now moves to dismiss "because the indictment is based solely on incompetent evidence, and/or no evidence, there were irregularities present in the grand jury proceeding, and there was no competent evidence to show the commission of felony murder."

In support of his claims, the defendant relies upon the transcript of the grand jury proceedings and alleges that the jury either ignored or misinterpreted the court's instruction. Section 54-45a of the General Statutes provides in pertinent part as follows: "In any grand jury proceeding . . . the

official stenographer of the superior court . . . shall make a record of the proceedings excluding the deliberations, which shall be confidential and filed with the court and access to such transcript shall be available only to the prosecutorial official or any person accused of crime as a result of such grand jury investigation or such person's attorney. Such official or such person accused of a crime as a result of such grand jury investigation or such person's attorney may obtain a copy of such transcript upon payment therefor. The transcript of such proceedings shall not be evidence in any proceeding against such accused except for the purpose of impeaching a witness, attacking the credibility of a witness or proving inconsistent statements of a witness. Such transcript may also be used as evidence in a prosecution for perjury committed by a witness while giving such testimony."

This statute was enacted in 1978 and has not been subject to review by the Connecticut Supreme Court. The intent of the legislature in enacting it is, therefore, a matter of first impression. For the purposes of this motion, the court shall consider the following phrases: "[T]he official stenographer . . . shall make a record of the proceedings . . . *which shall be confidential* . . . . The transcript . . . shall not be evidence . . . against such accused *except for the purpose of impeaching a witness, attacking the credibility of a witness or proving inconsistent statements of a witness.*" (Emphasis added.) "In the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language . . . ." General Statutes § 1-1 (a); *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 423. Webster's New Collegiate Dictionary defines the word "confidential" as "private, secret . . . entrusted with confidences." It is the opinion of this court that the

purpose of the statute is to assist in an attack on the credibility of a witness, where it is necessary to prosecute a witness for perjury.

It has consistently been held that grand jury proceedings should be conducted in secret. *State* v. *Hayes,* 127 Conn. 543, 580; *State* v. *Fassett,* 16 Conn. 458, 461. There is nothing in General Statutes § 54-45a which changes this requirement except to permit the use of the transcript to attack credibility as in a prosecution for perjury. "The transcript shall not be evidence in any proceeding against the accused except for the purpose of impeaching a witness, attacking the credibility of a witness or proving inconsistent statements of a witness" is a clear expression of the legislative intent and therefore eliminates any basis for judicial interpretation.[1] See *Stoni* v. *Wasicki,* 179 Conn. 372, 376; *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 4.

For the reasons set forth, the court concludes that the use of the statute is limited to its expressed provisions and may not be used to impeach the

---

[1] The conclusion reached by the court is in accord with the legislative history in the Connecticut House of Representatives and State Senate at the time of the bill's enactment. During debate in the Senate, Senator George Guidera remarked: "Such transcript would be prohibited from being used as direct evidence in the trial, but could be used to impeach, attack the credibility or prove inconsistent statements of a witness or evidence in a prosecution for perjury." 21 S. Proc., Pt. 4, 1978 Sess., p. 1501.

In his remarks to the House, Representative Ernest Abate stated: "The transcript which is prepared would have confidentiality. It would only be made available to the prosecuting attorney, to the defendant, or the defendant's attorney, and it would only be used in the event that someone in the course of a subsequent trial wanted to impeach the credibility of a witness or needed it to show that a particular witness perjured himself or herself during the course of the Grand Jury procedure." 21 H.R. Proc., Pt. 8, 1978 Sess., p. 3407.

grand jury finding of a true bill. See *State* v. *Hamlin*, 47 Conn. 95. Accordingly, the motion to dismiss the grand jury indictment is denied.