KENNETH KNOBLOCH *v.* GEORGE WARREN MINZY ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 7—decision released August 5, 1980

*Sidney Axelrod,* for the appellant-appellee (plaintiff).

*John L. Calvocoressi,* with whom was *John Q. Gale,* for the appellees-appellants (defendants).

ARTHUR H. HEALEY, J. This appeal was taken by the plaintiff, Kenneth Knobloch, from the judgment rendered on a jury verdict for the defendants in a negligence action to recover for personal injuries sustained in a motor vehicle collision. On May 1, 1973, the plaintiff was driving his Volkswagen sedan when it collided with a Ford pickup truck driven by the defendant George W. Minzy, and owned by the defendant Arnold Stetson, an employer of Minzy. The defendants pleaded by way of special defense the contributory negligence of the plaintiff. The trial court instructed the jury that if the contributory negligence of the plaintiff proximately caused the plaintiff's own injuries, the plaintiff would be barred from a recovery against the defendants. The jury rendered a verdict against the plaintiff. The plaintiff has appealed to this court alleging that the trial court erred in not instructing the jury on the doctrine of comparative negligence. The defendants have raised several issues by way of a cross appeal.

We consider the issue raised on the plaintiff's appeal. Connecticut's general comparative negligence statute, § 52-572h,[1] did not become effective until October 1, 1973. The accident from which this case arises occurred at a time when the predecessor to General Statutes § 52-572h, Public Acts 1972, No. 273, § 6,[2] which became effective on January 1, 1973, limited the doctrine of comparative negligence to "causes of action based on negligence arising out of the ownership, maintenance or use of a private passenger motor vehicle."[3] Under Public Act No. 273 (1972), "contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of

---

[1] General Statutes § 52-572h reads in part: "(a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering."

[2] Public Acts 1972, No. 273, § 6, before being repealed by General Statutes § 52-572h, was codified in General Statutes § 38-324 (Rev. to 1972) and read in part: "(a) In causes of action based on negligence arising out of the ownership, maintenance or use of a private passenger motor vehicle, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering."

[3] Public Acts 1972, No. 273, § 6.

negligence attributable to the person recovering."[4] "Private passenger motor vehicle," under chapter 690 of the General Statutes, of which Public Act No. 273 (1972) was a part, is defined as "a private passenger, station wagon or camper type automobile other than a motorcycle, not used as a public or livery conveyance, or an automobile of the truck type with a load capacity of fifteen hundred pounds or less not used for commercial purposes other than farming."[5]

The plaintiff alleges that, although the defendant's motor vehicle is admittedly a pickup truck, it falls within the definition of "private passenger motor vehicle" since at the time of the accident, the truck was being used by the defendant operator, the employee of the defendant owner, for noncommercial purposes. Thus, the plaintiff claims that the court erred in not instructing the jury on the doctrine of comparative negligence. We agree that the court erred by not instructing on the doctrine of comparative negligence, but for a different reason.

In *Stoni* v. *Wasicki,* 179 Conn. 372, 426 A.2d 774 (1979), we recognized that the language of Public Act No. 273 (1972) did not indicate whether the doctrine of comparative negligence would apply to a negligence action arising out of a collision in which both a private passenger motor vehicle and a vehicle not so classified were involved.[6] We concluded that the legislature did not intend the bizarre result of having both the doctrine of comparative negligence and the doctrine of con-

---

[4] Public Acts 1972, No. 273, § 6.

[5] General Statutes § 38-319 (g) (Rev. to 1972).

[6] The accident in *Stoni* occurred on August 26, 1973, which made Public Act No. 273 (1972) applicable to the case.

tributory negligence apply to a single accident, and held that Public Act No. 273 (1972) applied to "cause[s] of action based on negligence arising out of the ownership, maintenance or use of a 'private passenger motor vehicle' even though the accident upon which the action was based involved a motor vehicle not so defined." *Stoni* v. *Wasicki*, supra, 376.[7]

In *Stoni*, the named plaintiff was the owner-operator of a motorcycle, a vehicle not defined as a private passenger motor vehicle,[8] and the defendants were the owner and the operator of a station wagon. *Stoni* v. *Wasicki*, supra. Although in this case the plaintiff is the owner-operator of a private passenger motor vehicle and the defendants are the owner and the operator of a vehicle allegedly not so defined, we hold that this distinction is of no consequence to the applicability of the doctrine of comparative negligence. In both *Stoni* and this case, a private passenger motor vehicle was involved in an accident allegedly caused by the negligence of one or both of the operators. It would be a bizarre result indeed if court were required to apply the doctrine of comparative negligence where, as in *Stoni*, the defendant operated a private passenger motor vehicle, but the doctrine of contributory negligence where, as in this case, the plaintiff operated a private passenger motor vehicle. The aim of Public Act No. 273 (1972) appears to have been to mitigate the harshness of applying the contributory neg-

[7] As we mentioned in *Stoni*, the year after Public Act No. 273 (1972) was enacted, the legislature, realizing the lack of clarity in the act, repealed Public Act No. 273 (1972) and replaced it with General Statutes § 52-572h, which contains language of general application. *Stoni* v. *Wasicki*, 179 Conn. 372, 375, 426 A.2d 774 (1979).

[8] General Statutes § 38-319 (g) (Rev. to 1972).

ligence doctrine in actions arising from accidents involving private passenger motor vehicles. It was to implement this policy, and to ensure uniformity and rationality in the operation of Public Act No. 273 (1972), that we concluded in *Stoni* that the doctrine of comparative negligence would be applicable in an action based upon an accident in which only one of the vehicles was a private passenger motor vehicle. *Stoni* v. *Wasicki,* supra, 376.

In view of our decision in *Stoni,* the failure of the court to apply the doctrine of comparative negligence was clearly erroneous. Practice Book, 1978, § 3060D.[9]

Because we order a new trial, we deem it unnecessary to consider the claims raised by the defendants in their cross appeal.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.

---

[9] As our disposition of this case makes clear, the question of whether the defendant's motor vehicle at the time of the collision could be classified as a private passenger motor vehicle is immaterial.