BOARD OF TRUSTEES OF TRINITY—ST. STEPHEN'S CHURCH, THE UNITED CHURCH OF CANADA, ET AL. *v.* COMMISSIONER OF REVENUE SERVICES
(2266)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued October 4—decision released November 29, 1983

*Edward H. Kenyon,* for the plaintiffs.

*Albert E. Sheary,* first assistant commissioner of revenue services, with whom were *Frank P. Iodice,*

chief tax attorney, and, on the brief, *Joseph I. Lieberman,* attorney general, and *William J. Friedeberg,* tax attorney, for the defendant.

TESTO, J. This case is before this court by reservation.[1] The parties have stipulated to the following facts: Elizabeth A. Day died April 8, 1979, a resident of West Hartford. Her will dated April 29, 1964, was probated on April 30, 1979. The plaintiff Board of Trustees of Trinity—St. Stephen's Church, The United Church of Canada, Amherst, Nova Scotia, received a legacy under article four of the will and one-half the residue of the estate under article ten of the will. Trinity—St. Stephen's Church is a church organized and existing under the laws of Nova Scotia. The plaintiff town of Amherst, Nova Scotia, for Highland View Hospital, received a legacy under article five of the will and one-half of the residue under article ten of the will. The town of Amherst, Nova Scotia, is a municipality organized and existing under the laws of Nova Scotia. Highland View Hospital is a public institution located in Amherst.

The plaintiff Edward H. Kenyon is executor under the will. On December 19, 1979, he filed a Connecticut succession tax return, claiming that the legacies to the Board of Trustees of Trinity—St. Stephen's Church and to the town of Amherst for Highland View Hospital were exempt from the Connecticut succession tax under § 12-347 of the General Statutes.[2] The executor thus did not pay tax on these transfers.

On March 19, 1980, the Connecticut commissioner of revenue services determined that these transfers were taxable and assessed a succession tax of $29,704.66, plus interest from January 8, 1980, at the

[1] The procedures for reservation to this court; General Statutes § 52-235 and Practice Book §§ 3133 and 3134; have been complied with.

[2] The statute is discussed infra.

rate of 12 percent. Transfers by decedents in Nova Scotia to transferees in Connecticut similar to those in the present case are not subject to death taxes under the laws of Nova Scotia.

The executor appealed the tax commissioner's ruling to the Probate Court, claiming that the transfers were exempt. The Probate Court found that the subject transfers were taxable under General Statutes § 12-347. That decision was appealed to the Superior Court. The Superior Court reserved the action for the consideration and advice of this court.

The question set out by the Superior Court is: Does § 12-347[3] of the General Statutes exempt from the Connecticut succession tax a transfer by will to (1) the town of Amherst, Nova Scotia for Highland View Hospital, and (2) the Board of Trustees of Trinity—St. Stephen's Church, The United Church of Canada, Amherst, Nova Scotia?

The plaintiffs claim that the transfer to the town of Amherst, Nova Scotia, for Highland View Hospital is exempt under § 12-347 as a transfer to or for the use of "any public institution for exclusively public purposes . . . ." General Statutes § 12-347 (a). They further claim that the transfers to the Board of Trustees of Trinity—St. Stephen's Church and to Highland View Hospital are exempt as transfers to or for the use of "any corporation, institution, society, association or

---

[3] General Statutes § 12-347 provides in pertinent part: "(a) There shall be exempt from the tax imposed by this chapter all transfers to or for the use of the United States, any state or territory, or any political subdivision thereof, the District of Columbia, any public institution for exclusively public purposes, any corporation or institution located within this state which receives money appropriations made by the general assembly, or any corporation, institution, society, association or trust, incorporated or organized under the laws of this state or of any state whose laws provide a similar exemption of transfers to any similar Connecticut corporation, institution, society, association or trust, formed for charitable, educational, literary, scientific, historical or religious purposes . . . ."

trust, incorporated or organized under the laws of this state or of any state whose laws provide a similar exemption of transfers to any similar Connecticut corporation, institution, society, association or trust, formed for charitable, educational, literary, scientific, historical or religious purposes . . . ." Id. It is the state's position that the exemptions of § 12-347 are not applicable because the transferees were not incorporated or organized under the laws of any state of the United States.

The present case involves solely the interpretation of § 12-347 (a) of the General Statutes. Section 1-1 (a) of the General Statutes provides that in construing statutes, words and phrases are to be given their commonly approved meaning, unless a contrary intent is clearly expressed. *Wilson* v. *Freedom of Information Commission,* 181 Conn. 324, 331 n.6, 435 A.2d 353 (1980). Where, however, the words of a statute fail to indicate clearly whether they apply in certain circumstances, they must be construed, and such statutory interpretation is undertaken in light of the statute's purpose, its legislative history and the circumstances surrounding its enactment as well as its language. *Verrastro* v. *Sivertsen,* 188 Conn. 213, 221, 448 A.2d 1344 (1982); *Board of Trustees* v. *Freedom of Information Commission,* 181 Conn. 544, 550, 436 A.2d 266 (1980); *Board of Education* v. *State Board of Education,* 179 Conn. 694, 700–701 n.3, 427 A.2d 846 (1980).

The first inheritance tax law to exempt charities from the tax was passed in Connecticut in 1889. It exempted bequests to any charitable purposes or to any purpose strictly public within the state of Connecticut. Public Acts 1889, c. 180, § 1. In 1911, the legislature exempted from the succession tax bequests for the benefit of any corporation or institution located in Connecticut which received state aid by appropriations provided for by the General Statutes. Public Acts 1911, c. 148. In 1921,

charitable exemptions were broadened by exempting charitable bequests to foreign countries on a reciprocal basis.[4] After eliminating the exemption for charities in a foreign country in 1923; Public Acts 1923, c. 190, § 1; the legislature widened it in 1925 to include charities "wherever situated."[5] Public Acts 1925, c. 47.

The phraseology of the present § 12-347 had its origin in the 1929 Public Act. "There shall be exempt from the tax imposed by this act all transfers to or for the use of the United States, any state or territory, or any political subdivision thereof, the District of Columbia, any public institution for exclusively public purposes, any corporation or institution located within this state which receives money appropriations made by the general assembly, or any corporation, institution, society, association or trust, *wheresoever incorporated or organized,* formed for charitable, educational, literary, scientific, historical, or religious purposes . . . ." (Emphasis added.) Public Acts 1929, c. 299, § 8. In 1931, the legislature made exemptions to charities reciprocal and eliminated the language "wheresoever incorporated or organized" which it had previously

---

[4] "All property given, devised or bequeathed to any religious, educational, literary, charitable, missionary, benevolent, hospital or infirmary corporation incorporated under the laws of another state or territory of the United States, or of a foreign country, including corporations organized exclusively for Bible or tract purposes, and corporations organized for the enforcement of laws related to children or animals, and all gifts, devises and bequests to a municipal corporation in trust for a specific public purpose, shall be exempt from the tax prescribed by chapter 66 of the general statutes as amended, provided the laws of such state, territory *or foreign country* exempt from inheritance and transfer taxes, or do not impose such taxes upon, property given, devised or bequeathed by a resident thereof to any such corporation incorporated under the laws of this state." (Emphasis added.) Public Acts 1921, c. 283.

[5] Public Acts 1925, c. 47 in relevant part states: "SECTION 1. All property given, devised or bequeathed exclusively for religious, educational or missionary purposes to, or in trust for, any religious, educational or missionary corporations *wherever situated* shall be exempt from all succession, inheritance and transfer taxes imposed by this state." (Emphasis added.)

included in General Statutes (Rev. to 1930) § 1367. Public Acts 1931, c. 274. The 1931 statute exempted only "transfers to or for the use of the United States, any state or territory, or any political subdivision thereof, the District of Columbia, any public institution for exclusively public purposes, any corporation or institution located within this state which receives money appropriations made by the general assembly, or any corporation, institution, society, association or trust, incorporated or organized under the laws of this state or any state whose laws provide a similar exemption of transfers to any similar Connecticut corporation, institution, society, association or trust . . . ." Id. The charitable exemptions therein remain essentially the same today.[6]

At various times between 1921 and 1931, the statute did permit an exemption for certain charities "wheresoever incorporated or organized,"; General Statutes (Rev. to 1930) § 1367; Public Acts 1929, c. 299, § 8; "wherever situated"; Public Acts 1927, c. 201; Public Acts 1925, c. 47; or "of a foreign country." Public Acts 1921, c. 283. All of these phrases were deleted as of 1931.

It is the intent of the legislature that charitable corporations are to be exempt from the succession tax only if they comply strictly with the requirements set out in the statute. See *Caldor, Inc.* v. *Heffernan,* 183 Conn. 566, 571, 440 A.2d 767 (1981). The elimination in 1931 of words referring to locations not within the United States indicates an intention to limit the tax exemption to charities and institutions in the United States.

The obvious purpose of a death tax exemption for charitable institutions is no longer present if it pertains to a foreign country. Where property, or the income from it, is devoted to the appropriate purposes within

---

[6] See footnote 3, supra.

the state, the state is compensated for its loss of revenue by its relief from the burden which would otherwise fall upon it and which it would have to meet by appropriations from the public funds. *McLaughlin v. Poucher*, 127 Conn. 441, 443–44, 17 A.2d 767 (1941). Where, on the other hand, the property or income therefrom is devoted to uses in a foreign country, nothing is received by the state in return for its loss of revenue.

The plaintiffs argue that the transfer for the Highland View Hospital is exempt under the "public institution for exclusively public purposes" provision of § 12-347. The plaintiffs maintain that there is no limitation in the provision regarding the location of the transferee so long as it is a public institution for public purposes. If the general assembly had intended to exclude public institutions from the exemption on the basis of location, they contend, it would have said where the public institutions were to be located as it did in the subsequent phrase of § 12-347, "any corporation or institution located within this state which receives money appropriations made by the general assembly . . . ." We do not agree.

It is true that prior to 1931 the plaintiffs' transfer would have been exempt since the general assembly specifically permitted exemptions to charities of foreign countries. Any such words, however, were deleted from the statute as of 1931. Public Acts 1931, c. 274. Today, § 12-347 grants exemptions to "transfers to or for the use of the United States, any state or territory, or any political subdivision thereof, the District of Columbia, any public institution for exclusively public purposes . . . ." The statute first defines the locales of the transferees and second the types of permissible transferees. If the legislature had intended to allow the transferee to be located in a foreign country, it would have so stated as it did in 1921.

The second claim made by the plaintiffs is that the transfers to Trinity—St. Stephen's Church and to Highland View Hospital are exempt under the reciprocal provisions of § 12-347. The first reciprocal exemption had its origin in the 1921 Public Acts which permitted an exemption for charities in a foreign country. Public Acts 1921, c. 283. In the 1923 amendment, the phrase "or foreign country" was deleted from the reciprocal exemptions. See Public Acts 1923, c. 190, § 1. Again, this was a clear indication by the legislature that it did not intend to grant a reciprocal exemption to charities of a foreign country.

The plaintiffs posit that the word "state" as used in § 12-347 means a corporation or institution organized under the laws of any state and any state includes foreign countries since these are states in the international sense. In support of this, the plaintiffs rely on the case of *McLaughlin* v. *Poucher,* supra. In *McLaughlin,* the question was whether the tax exemption extended to corporations organized under the laws of the District of Columbia or organized under acts of Congress. Id., 447–50. The court held that the word "state" did not preclude the inclusion in it of the District of Columbia or the United States. It reasoned that the District of Columbia is no different in any relevant respect from the states composing the union and that the Boy Scouts and the Red Cross, organized under an act of Congress, were not intended to be excluded from the exemption. Id, 448. *McLaughlin* does not define the word "state" to include a foreign country.

To both parts of the question in the reservation we answer, "no."

In this opinion the other judges concurred.