HANOVER HALL ET AL. *v.* PLANNING BOARD
OF THE CITY OF STAMFORD
(2397)
(2398)

TESTO, HULL and BORDEN, Js.

Argued March 8—decision released May 29, 1984

*Gordon R. Paterson* and *Isadore M. Mackler,* with whom, on the brief, were *Elinor J. Paterson* and *Saul Kwartin,* for the appellants (plaintiffs).

*Edward J. Frattaroli,* with whom, on the brief, was *William J. Hennessey, Jr.,* for the appellee (defendant).

TESTO, J. In this action, the plaintiffs, landowners in the city of Stamford, are seeking a declaratory judgment and permanent injunctive relief against the defendant planning board to invalidate certain amendments made in 1981 to the city's master plan. The plaintiffs alleged in their complaint that the defendant failed to comply with the appropriate statutory notice provisions of the Stamford charter. Because the city of Stamford has not adopted the planning and zoning provisions of the General Statutes, the notice provisions of General Statutes §§ 8-3 and 8-23 do not apply to actions of the defendant planning board. Planning and zoning are governed, instead, by the city charter provisions.[1] See *Sheridan* v. *Planning Board,* 159 Conn. 1, 4, 266 A.2d 396 (1969). Pursuant to § 520 of the charter, it is the duty of the planning board to prepare, adopt and amend the master plan, which is the general land use plan for the physical development of Stamford. Under § 522,[2] the zoning map may not be amended by the planning board to permit any use which is contrary to the use established for the area in question by the master plan. Amendments to the master plan are governed by § 522.2 which states: "The Master Plan may be

---

[1] The Stamford charter was enacted pursuant to a Special Act of the General Assembly in 1953. 26 Spec. Laws 1228, No. 619.

[2] Section 522 provides: "The Master Plan shall be a general land use plan for the physical development of the municipality. The plan shall show the division of Stamford into land use categories such as, but not restricted to, the following:
1. Residential — single family plots one acre or more.
2. Residential — single family plots less than one acre.
3. Residential — multi-family — low density.
4. Residential — multi-family — medium density.
5. Commercial — local or neighborhood business.
6. Commercial — general business.
7. Industrial."

amended by the Planning Board provided, prior to such action, the Board shall hold at least one public hearing, notice of which shall be given as hereinafter provided in § 522.6, *which notice shall include a clear and accurate map showing the bounds of any area affected together with the Board's reasons therefor."* (Emphasis added.) The notice requirements are included in § 522.6 which states in relevant part: "Notice of each public hearing held with respect to the adoption or amendment of the Master Plan shall be given by publishing in an official paper the time, place and purpose of such hearing, together with a clear and accurate map *showing the bounds of any area or areas affected."* (Emphasis added.)

The notice published by the defendant consisted of a detailed written statement listing and describing the proposed thirteen land use categories, and included a map showing an outline of the corporate limits of the city of Stamford in "hatched" marks. Under the map was the statement "Area Affected Shown Hatched." Detailed copies of the amended map and the defendant's resource information were made available to the public at locations specified in the notice. The trial court, after finding that the plaintiffs had satisfied all elements necessary to obtain a declaratory judgment, denied the plaintiffs relief and found that the defendant's notice as published was adequate and in conformity with that required by the Stamford charter. The court stated that § 522.6 contains no directive that the map do anything more than delineate those areas which have been affected. Since the amendment affected the entire corporate limits of Stamford, the court concluded that a map generally outlining that area was legally sufficient. The plaintiffs have appealed.[3] It is the plain-

---

[3] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

tiffs' claim that the trial court erred in concluding that the defendant's publication of a map merely outlining the geographic boundaries of the city meets the notice requirements of "a clear and accurate map showing the bounds of any area or areas affected," as specified in the charter for amendment of the master plan. Central to the plaintiffs' argument is that the required map must clearly show the geographical location of each land use category and how that land use category has been affected, since the words "area or areas affected" refer to the geographical location of each land use category. The plaintiffs maintain that the defendant's failure to publish a map showing the boundaries of the specific land use categories affected rendered the published notice a nullity in that it did not afford property owners in Stamford a fair opportunity to learn if a proposed land use category might affect their property so that they could properly prepare for the public hearing. We agree.

The thrust of the plaintiffs' claim revolves around an interpretation of the language contained in § 522.6 of the charter concerning the type of map required in the published notice. Certain rules of statutory construction are applicable here. A fundamental tenet of statutory construction is that, in the interpretation of statutes, the intent of the legislature is expressed in the words it used. *P.X. Restaurant, Inc.* v. *Windsor,* 189 Conn. 153, 159, 454 A.2d 1258 (1983); see also *Verrastro* v. *Sivertsen,* 188 Conn. 213, 220, 448 A.2d 1344 (1982). Words used in the statutes are to be construed according to their commonly approved meaning; General Statutes § 1-1 (a); see *Board of Trustees* v. *Commissioner,* 1 Conn. App. 22, 25, 467 A.2d 925 (1983); and common sense must be used in their interpretation since it is assumed that the legislature intended to accomplish a reasonable and rational result. *Stoni* v. *Wasicki,* 179 Conn. 372, 376–77, 426 A.2d 774 (1979).

The master plan divides Stamford into land use categories and defines each in § 522. Any amendments to the master plan require a published notice of the public hearing and a clear and accurate map indicating the outer boundaries of any area or areas affected by the amendment. Arguably, the words in question, "area or areas affected" could refer to the result of the proposed changes on the boundaries of each land use category or the overall result of the changes on the city as a whole. In the present case, virtually every parcel of land would be affected by the proposed amendment to the master plan. The defendant's position is that the words must refer to the city as a whole because of the comprehensiveness of the amendment. To interpret the words in this manner would imply no distinction in the land use categories and make the division into land use categories superfluous. Moreover, if the amendment to the master plan had proposed a change affecting one land use category, the charter provisions, §§ 522.2 and 522.6, would clearly require the published notice to include a map marking that change on the boundaries of that land use category and any other categories the amendment inadvertently affected. Extending this line of reasoning to the facts of this case, the amendment in question, which changes the boundaries of numerous land use categories, requires that a map clearly indicate those new boundaries so that the property owners within them have notice of such changes. We can find no logical reason for Stamford to be divided into land use categories if the published notice of an amendment to the master plan can, on the ground that the entire city has been affected by the amendment, include a map which is merely an outline of the corporate limits of the city. The map was inadequate to apprise the owners of land within each land use category of how their particular parcel would be affected, if at all, by the amendment.

It is axiomatic that compliance with prescribed notice requirements is a prerequisite to any valid action by a municipality and that the failure to give proper notice constitutes a jurisdictional defect rendering the action of the municipality null and void. See, e.g., *Miller* v. *Eighth Utilities District,* 179 Conn. 589, 594, 427 A.2d 425 (1980); *Wright* v. *Zoning Board of Appeals,* 174 Conn. 488, 491, 391 A.2d 146 (1978); *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 44, 301 A.2d 244 (1972); *First Church of Christ, Scientist* v. *Friendly Ice Cream,* 161 Conn. 223, 225–26, 286 A.2d 320 (1971); *Aurora* v. *Zoning Board of Appeals,* 153 Conn. 623, 625, 220 A.2d 277 (1966). "The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought." *Wright* v. *Zoning Board of Appeals,* supra, quoting *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542 (1957). The statutory notice requirements as specified in the Stamford charter for amending the master plan were not complied with by the defendant.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiffs in accordance with this opinion.

In this opinion the other judges concurred.