[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the plaintiff alleges that defendants' negligence was the proximate cause of a kitchen fire that resulted in approximately ten thousand dollars in damages to an apartment rented to the defendants by plaintiff Burnside Avenue Apartments. Defendants claim that the fire was the result of a defective stove.
Based on the evidence presented at trial the following facts are found. Defendants leased from plaintiff apartment N at 539-541 Burnside Avenue in East Hartford. On October 10, 1991, at approximately 3:00 p.m. a fire started in the kitchen of that apartment. George Crowley of the East Hartford Fire Department responded to the fire. He determined that the source of the fire was in the kitchen, and based on his investigation and defendants' statements to him that oil in a frying pan caught fire, he concluded that the defendants were responsible for the fire.
The Hannas resided in the apartment for approximately two years prior to the fire. On previous occasions the stove, which was at least thirty years old, did not operate properly in that the front right burner would not always shut off even if the control was put in the off position. This problem was reported on three or four occasions to either the property manager or superintendent who indicated that the stove would not be replaced because it would set a precedent requiring the replacement of the other stoves in all other units. There is no written record of complaints to the manager. Despite the problem with the right front burner, defendants continued to use it.
Plaintiff proved damages in the following amounts:
a. Cost of repairs $5520.15 CT Page 8771
b. Clean up 1488.60
c. Lost rental (3 months @ $800) 2400.00
 TOTAL __________ $10,408.75
General Statutes Sec. 52-572h requires that the negligence of the plaintiff, if any, be compared with that of the defendant. If plaintiff's negligence exceeds that of defendant then plaintiff is not entitled to recovery, even if defendant's actions, in part, were the proximate cause of the damage. Knobloch v. Minzy, 181 Conn. 650 (1980).
Based on the evidence produced at trial the court concludes that the defendants were thirty five per cent negligent in their use of the stove and their allowing the oil in the frying pan to overheat and start a fire. The court also finds that the plaintiff was sixty five per cent negligent in that it was on actual notice that the on-off switch controlling the right front burner was defective and failed, nevertheless, to repair or otherwise remedy that defect. The court is not persuaded that the absence of any written reports in the plaintiff's file concerning the defective stove suggests that defendants' claim is without merit. The court observed the witnesses and finds the testimony of the defendants, as to this point, credible.
Because the negligence of the defendants does not exceed fifty percent, plaintiff is not entitled to recovery in this case. Id. Judgment for the defendant.
SO ORDERED.
ROBERT L. HOLZBERG JUDGE OF THE SUPERIOR COURT CT Page 8772