[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
This is an appeal taken, pursuant to General Statutes, Section 8-8, from a decision of the defendant Board of Zoning Appeals ("BZA") of the City of New Haven, approving, with conditions, the application of defendant Lloyd Terminals, Inc. for a Special Exception for designation of the subject properties as junk yard permit limited "processing", i.e. using a baler/logger and shears to promote efficient use of storage and loading space in conjunction with the operation of marine freight transport facility in an "IH" (heavy industrial) zone.
The applicant, Lloyd Terminals, Inc., filed its application on April 19, 1996. A hearing was scheduled for May 14, 1996. Notice by publication was given in the New Haven Register on May 2, May 5 and May 9, 1996. The said hearing was held as scheduled. The said application was approved by the defendant BZA at its meeting of May 22, 1996. Notice of said decision was published in the New Haven Register on June 3, 1996. The plaintiffs filed their appeal on June 13, 1996. The sole issue on appeal to this court is the legal sufficiency of notice by publication of the CT Page 2164 hearing of May 14, 1996.
The plaintiffs allege that said notice failed to comport with the notice requirements of General Statutes, Section 8-3c(b), thereby depriving defendant BZA of its authority to hear or approve such application and rendering its action in approving said application null and void.
 II
The notice provisions of General Statutes, Section 8-3c(b) read as follows: "Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality, at least twice, at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before the date of such hearing."
The notice of May 2, 1996 read, in pertinent part, as follows:
 "Application of Lloyd Terminals, Inc., relative to property known as 34 Lloyd Street, seeking SPECIAL EXCEPTION to permit a junk yard for purpose of limited "processing", using a baler/logger and shears to promote efficient use of storage and loading space in an IH zone." (Emphasis added).
The notices of May 5 and 9, 1996 read, in pertinent part, as follows:
 "Application of Lloyd Terminals, Inc., relative to property known as 34 Lloyd Street and 198 River Street, seeking SPECIAL EXCEPTION to permit a junk yard for the purpose of limited "processing", using a baler/logger and shears to promote efficient use and loading space in an IH zone". (Emphasis added).
Plaintiffs argue that the notice of May 2, 1996 was defective in that it failed to mention the 198 River Street property. Assuming that to be the case, the notice of May 5, 1996 was defective in that it was published less than ten days before the May 14, 1996 hearing on the said application.
Defendants assert that New Haven is a "special act" jurisdiction and thus not subject to the notice requirements of General Statutes, Chapter 124 (which Chapter includes Section8-3c) and that the notice afforded the public by the publications CT Page 2165 of May 2, 5 and 9, 1996 was proper.
 III
The purpose of notice is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing, Kleinsmith v.Planning and Zoning Commission, 157 Conn. 303, 310,Passero v. Zoning Commission, 155 Conn. 511, 514.
Compliance with prescribed notice requirements is a prerequisite to any valid action by a municipality and the failure to give proper notice constitutes a jurisdictional defect rendering the action of the municipality null and void,Hanover Hall v. Planning Board, 2 Conn. App. 49, 54
(citations omitted).
However, the notice provisions of General Statutes, Chapter 124 do not apply to a municipality operating under a special act unless the legislative body of said municipality has adopted the planning and zoning provisions of the general statutes,Hanover Hall vs. Planning Board, supra, at 50. See Fuller, Land Use Law and Practice, Section 46.1, p. 742. However, such special act jurisdiction must comply with its own notice requirements, Celentano, Inc. v. Board of ZoningAppeals, 149 Conn. 671, 675; Neuger v. ZoningBoard, 145 Conn. 625.
Not all flaws in a notice are fatal, Cocivi v. Planningand Zoning Commission, 20 Conn. App. 705, 708. There is no requirement that the published notice describe he proposed action in detail or with exactitude, Welles v. East Windsor,185 Conn. 556, 557. A defect, however may not be misleading,Cocivi v. Planning and Zoning Commission, supra, at 708.
The City of New Haven is a "charter" or "special act" jurisdiction. "The power to adopt and administer zoning regulations was conferred by the General Assembly for the first time in this state in 1921 by special act applicable only to New Haven. 18 Spec. Laws 1045." "In 1925 a general enabling act made zoning powers available to cities and towns which chose, by action of their legislative bodies, to exercise such powers",Sullivan v. Town Council, 143 Conn. 280, 282. CT Page 2166
Chapter 124 of the Connecticut General Statutes (Sections 8-1
through 8-13a) is a general zoning enabling act. Section 8-1
provides in pertinent part: "Any municipality may by vote of its legislative body, adopt the provisions of this chapter and exercise through a zoning commission the powers granted hereunder." Our supreme court has construed this statute as requiring of a municipality's legislative body an affirmative act in which the intent to utilize the zoning provisions of the enabling act is expressed, Puskarz v. Zoning Board ofAppeals, 155 Conn. 360, 364-6. The court notes there is nothing in the record to establish that the City of New Haven's legislative body has taken such action.
Since the City of New Haven is a special act municipality; since its legislative body has not adopted the zoning provisions of General Statutes, Chapter 124, the court concludes that the defendant BZA is not bound by the notice provisions of General Statutes, Section 8-3c or Section 8-7.
 V
However, a board of zoning appeals of a special act jurisdiction must comply with its own notice requirements and notice must be such as to "fairly and sufficiently apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing", Kleinsmith v. Planning andZoning Commission, supra, at 310.
The notice requirements placed on the defendant ZBA are found in Section 63.E of the New Haven Connecticut Zoning Ordinance.
Section 63.E reads in pertinent part:
 "In addition to published notice, the Board shall give notice of any such hearing at least seven (7) days prior to the date of the hearing to the applicant filing the application, to the property owners whose property is located within and including a distance of two hundred (200) feet as measured from all boundaries of the property which is the subject of such appeal (if such property is in the city), and to all aldermen of the ward or wards in which the subject property and the properties within and including a distance of two hundred (200) feet are located, except that in cases of CT Page 2167 special exceptions involving areas of unusually large size, the Board may give such reasonable notice as it may prescribe."
There is no claim that the notice requirements of Section 63.E, other than the published notice, were not complied with. Rather, the plaintiffs invite the court to read the phrase, "in addition to published notice" to mean, "in addition to public(sic) notice as provided in C.G.S. § 8-3}". This the court declines to do, for reasons previously stated: the defendant BZA was not bound to comply with the notice requirements of said statute.
The question remains: were the published notices noticing the May 14 hearing re: the subject application legally sufficient?
The court concludes that the May 2, 1996 notice was misleading and hence defective in that it omitted mention of 198 River Street as a property for which the special exception was sought.
With no time requirements for published notice set in Section 63.E, the court examines the established practice, if any, of defendant BZA in publishing notices of hearing. Ms. Wilcox, Administrative Assistant to the BZA, testified it was the longstanding practice of the BZA to publish notice of a pending hearing on the 12th, 9th and 5th day before such hearing. The purpose of publishing three (3) times was to ensure two (2) correct notices if there was a mistake in the first notice. The court finds such a scheme for published notice rational and legally sufficient.
The court concludes that deficiency in the notice of May 2, 1996 was cured subsequently by the notices published on May 5 and May 9 which fairly and sufficiently apprised those who might be affected by the proposed action of the nature of the proposed action so as to enable them to prepare intelligently for the hearing. These latter two notices, correctly worded, and appearing nine and five days, respectively before the said hearing, were legally sufficient and in compliance with the notice requirements of Section 63.E of the New Haven Ordinance and in accord with the longstanding practice of the defendant BZA.
The court finds that plaintiff failed to establish, by a fair CT Page 2168 preponderance of the evidence, that the published notice of the hearing of May 14, 1996 was legally insufficient so as to deprive the defendant Board of Zoning Appeals of jurisdiction to hear and decide defendant Lloyd Terminals, Inc. application.
Plaintiffs' appeal, accordingly is dismissed.
John T. Downey Judge of the Superior Court