SUBURBAN DEVELOPMENT CORPORATION *v.* TOWN
COUNCIL OF THE TOWN OF WEST HARTFORD

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued May 8—decided June 17, 1969

*Samuel S. Goldstein,* corporation counsel, for the
appellant (defendant).

*Michael E. Grossmann,* for the appellee (plain-
tiff).

ALCORN, J. The defendant town council denied the
plaintiff's application for changes of zone, and the
Court of Common Pleas rendered judgment sus-

taining the plaintiff's appeal from that action. The defendant has appealed from the judgment.

The town council is the zoning authority in West Hartford. *Cascio* v. *Town Council,* 158 Conn. 111, 113, 256 A.2d 685; *Sullivan* v. *Town Council,* 143 Conn. 280, 288, 121 A.2d 630. In 1964, the plaintiff applied to the council for changes of zone affecting land owned by the plaintiff. The council has nine members. Following a hearing, the application was approved by a vote of eight to one. An appeal from that action by neighboring property owners was sustained by the Court of Common Pleas on the ground that the published notice of the council's decision was legally insufficient. *Dolinger* v. *Town Council,* Court of Common Pleas, Hartford County, No. 91052. Neither the text of the decision made at that time, nor the reasons for it, are disclosed on the record before us.

In 1965, the plaintiff again applied to the council for changes of zone identical to the ones sought in 1964. The 1965 application was heard by a council consisting of six members who had heard and acted on the 1964 application and three new members. Following the hearing, the 1965 application was denied by a vote of seven to two. Among those voting in the negative were three councilmen who had voted affirmatively on the 1964 application. Here again, the record fails to disclose any formal reason assigned by the council for its action. The appendix to the defendant's brief recites the reasons stated by various members of the council for their individual votes on the application, but these cannot serve as the reasons for the decision of the council. *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 214, 257 A.2d 795.

It is the action taken on the 1965 application which

is the subject of the present appeal. The memorandum of decision of the court below demonstrates that its decision rested on the fact that three councilmen who had voted to approve the 1964 application voted against the 1965 application. The court stated that they voted against the 1965 application "because of the protests of the residents" and "because of the size of the opposition" so that "proper legal discretion was not used" by them in voting as they did. The court reasoned that, because of this, the decision of the council was illegal, arbitrary and an abuse of its discretion.

The record does not support that conclusion. *Zieky* v. *Town Plan & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758. Each application sought to have the plaintiff's property reclassified from a zone which permitted only single-family houses to one which would permit, and in which the plaintiff proposed to erect, six apartment buildings containing 108 dwelling units. Such a change in the use of the property "must serve the public interest in the zoning development of the community." *Kimball* v. *Court of Common Council,* 148 Conn. 97, 102, 167 A.2d 706; *Kuehne* v. *Town Council,* 136 Conn. 452, 460, 72 A.2d 474. The council which heard the evidence presented on the 1964 application in effect concluded that the plaintiff had sustained its burden of proof that the requested change met this test, but the decision did not become legally effective because of insufficient notice. On the 1965 application, made to a council composed of a different membership, the opposition to the plaintiff's application was more strenuous. The council, as a legislative body, was not precluded from reversing an earlier decision merely because the circumstances might not have changed. *Rosenberg* v. *Planning Board,* 155 Conn.

636, 639, 236 A.2d 895. Nor were its individual members precluded from being persuaded to a change of opinion. An extended hearing on the 1965 application was held during which competent attorneys represented the contending parties. All persons were given an opportunity to be heard. On the basis of the evidence presented, the council could reasonably have concluded that the application should be denied. The views expressed by council members, including those who were differently persuaded on the second application, indicate that they were motivated by proper zoning considerations.

The defendant's claim that the plaintiff had not established aggrievement has been abandoned. It is unnecessary to discuss the other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the plaintiff's appeal.

In this opinion the other judges concurred.