## Barefoot Appeal.

Argued November 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

324

*Charles D. Coll,* for appellants.

*Clarence H. Clasper,* with him *Shoemaker, Eynon, Clasper, Rolston & Theophilus,* for appellees.

OPINION BY MR. JUSTICE EAGEN, March 20, 1970:

In 1960 Frank Costa was the owner of a piece of land in Oakmont Borough, Allegheny County, containing 7373 square feet. Under a zoning ordinance enacted in 1949, the lot was located in a district designated "AA Residential." For building purposes, a minimum lot area of 8750 feet, a front yard depth of not less than 40 feet and a rear yard depth of not less than 25 feet were required. However, the ordinance provided for the grant of a special exception to build on land not meeting these requirements under certain circumstances.

Costa applied for and was granted a special exception by the Board of Adjustment to build a dwelling house on the land with reduced front and rear yard measurements. No appeal was filed from the board's order, dated December 1, 1960.[1] However, Costa never proceeded with the construction.

---

[1] The failure of the appellants to appeal that order within the 30 days required by The Borough Code, Act of May 4, 1927, P. L.

In 1966, Carl and Nancy Schultheis purchased the land with knowledge of the special exception granted Costa and applied for a permit to proceed with the construction of a dwelling house thereon within the same reduced area allowance granted Costa. The building inspector denied the permit because the application disclosed that it did not comply with the front and rear yard and lot area requirements of the Borough Zoning Ordinance. An appeal to the Board of Adjustment resulted in a resolution authorizing the building inspector to grant the permit. Objecting neighbors, Mr. and Mrs. Barefoot, filed an appeal in the Court of Common Pleas, which, after a hearing de novo, affirmed the action of the board. The protestants appealed here. We affirm.

When a special exception is granted, the use becomes a conforming use, and such use enures to the benefit of a subsequent owner of the land and is not abandoned in the absence of a time limitation in the exception itself or in the zoning ordinance. 26 P.L.E. Municipal Corporations, §454; 8 McQuillin, Municipal Corporations §25.163, at 526 (3d ed. 1965). *See* *Schwartz v. Wagner,* 385 Pa. 364, 123 A. 2d 417 (1956). Since there was no time limitation in the exception granted Costa or in the controlling ordinance, the special exception granted in 1960 enures to the benefit of the present owners.

Order affirmed.

---

519, as added to by the Act of July 10, 1947, P. L. 1621, §93, as amended, August 25, 1959, P. L. 757, §1, 53 P.S. §48207(i), forecloses their right to now challenge the validity of that exception: *Blank v. Board of Adjustment,* 390 Pa. 636, 136 A. 2d 695 (1957).