## Gaudenzia, Inc. v. Zoning Hearing Board

Michael C. Fox, for appellant.

Bruce E. Cooper and Burton Morris, for intervenor.

William Balaban, City of Harrisburg.

MORGAN, *J.*, April 13, 1983—This is an appeal from the Harrisburg Zoning Hearing Board's refusal to permit Gaudenzia, Inc. to operate an alcoholism treatment program in premises for which a special exception to operate such a program had been granted to and exercised by the immediate prior owner, Alcoholism Services, Inc. The appeal will be sustained.

Under the Harrisburg Zoning Ordinance a medical clinic is permitted as a special exception in an SPD (special planned development) Zone. The property in question here, 2835 N. Front Street, is located in an SPD Zone and on February 21, 1979, the Harrisburg Zoning Hearing Board decided that an alcoholism treatment program proposed by Alcoholism Services, Inc. for the premises was a "medical clinic" within the meaning of the Ordinance* and granted a special exception permit for that purpose. Alcoholism Services, Inc. operated its program until recently and has now agreed to sell 2835 N. Front Street to Gaudenzia, Inc. for the continued operation of an alcoholism treatment center. An application by Gaudenzia, Inc. for an occupancy permit under the special exception granted to Alcoholism Services, Inc. was refused, compelling it to prosecute its own application for a special exception as a "medical clinic". This, too, was denied.

The opposition to Gaudeniza's proposal comes from residents who see this as an opportunity to rid themselves of an objectionable neighbor. Their

---

* The words "medical clinic" are not defined in the Ordinance.

cause is, however, legally unworthy and it has consumed an inordinate amount of time, effort and expense. We do not intend to offer further sacrifice to it.

The extended hearings on Gaudenzia's application for a special exception were unnecessary. Gaudenzia, Inc. was entitled to an occupancy permit under the special exception granted to Alcoholism Services, Inc. The simple and obvious fact is that back in 1979, on the application of Alcoholism Services, Inc., the Harrisburg Zoning Hearing Board decided that an alcoholism treatment program which included (1) non-intensive detoxification care with (2) around-the-clock medical supervision and (3) a program of education and counselling, was a "medical clinic" entitled to a special exception permit in an SPD Zone (In re: Application of Alcoholism Services, Inc., findings, conclusions and order dated February 21, 1979). Whether the present zoning hearing board would agree with that interpretation is not relevant to our inquiry. It was made and became a vested right which inures to the benefit of subsequent owners of the land. Swartz v. Wagner, 72 Montg. 470, aff'd. 385 Pa. 364, 123 A.2d 417 (1956). Appeal of Barefoot, 437 Pa. 323, 263 A.2d 321 (1970).

Gaudenzia will receive patients who have already received acute detoxification care at hospitals or other treatment centers. A newly admitted patient will have a complete medical examination and psycho-social evaluation and will remain in the treatment program for 30 days. The program will be staffed by a project director, a clinical supervisor, two registered nurses, two alcoholism counselors and three house managers. Medical treatment as required, especially the medication needs for physical ailments associated with alcoholism, will be pro-

vided by the staff nurses under the supervision of a physician employed by Gaudenzia on a 24 hour on-call basis, and additional medical services will be provided under agreements with local hospitals. The patients will be under constant supervision of the registered nurses and alcoholism specialists who will implement a prescribed program of counselling and education. The patients will not be permitted outside the building and will be permitted visitors only on Saturday afternoon and evenings.

Gaudenzia's use of the property thus fully accords with the interpretation of "medical clinic" upon which the special exception to Alcoholism Services, Inc. rested. The Harrisburg Zoning Hearing Board itself confirmed as much in its findings on Gaudenzia's application for a special exception. (See Findings 6-9, 11, In Re Application of Gaudenzia, Inc., order dated December 29, 1982). The differences which the board deemed so critical as to require a denial of the application were that Gaudeniza, Inc. (1) will not, as Alcoholism Services, Inc. did, conduct the initial detoxification process and (2) will care for the patient for 30 days whereas Alcoholism Services kept them for only three to eight days. This is a vain effort to make the inconsiderable appear momentous.

The unrefuted medical testimony was that detoxification does not end with the alleviation of acute symptoms but is a continuing process. And what difference does it make whether a bed is occupied by four to six different persons in an acute stage of alcoholism over a period of a month or by only one patient in a less acute stage for the same period. Indeed, under the Gaudenzia, Inc. proposal there may well be fewer patients going to and from the premises, and those in a more stable condition than heretofore. In short, the case for those who would deny

the permit goes not to the essential elements of an alcoholism treatment program but argues simply that Gaudenzia patients would arrive later and stay longer. This is no argument at all. In this case, "the hurricane has been in full sweep over the tea leaves."

The denial to Gaudenzia Inc. of an occupancy permit under the special exception issued to Alcoholism Services, Inc. was capricious and an error of law. If follows therefrom, however, that Gaudenzia, Inc. is bound by the conditions imposed on the issuance of that special exception. Resolving this controversy as we have, we do not consider the other issues raised under Gaudenzia's application for a special exception.

## ORDER

And now, April 13, 1983, the appeal of Gaudenzia, Inc. from the denial by the Harrisburg Zoning Hearing Board of its application to continue to use 2835 N. Front Street as a medical clinic for treatment of alcoholism under the special exception granted to Alcoholism Services, Inc. on February 21, 1979 is sustained.

Judge Lipsitt did not participate in this decision.