517 A.2d 583

Frank N. Pyle, Appellant *v.* Municipality of Penn Hills, Appellee.

Argued October 10, 1986, before Judges CRAIG and BARRY (P), and Senior Judge BLATT, sitting as a panel of three.

*Alfred C. Maiello,* with him, *Lee V. Price,* for appellant.

*Wayne DeLuca,* with him, *August C. Damian, Damian & DeLuca,* for appellee.

OPINION BY JUDGE CRAIG, November 14, 1986:

Landowner Frank N. Pyle appeals from a declaratory judgment of the Court of Common Pleas of Allegheny County[1] which determined that a 1980 zoning ordinance amendment of the Municipality of Penn Hills, imposing a time limit upon conditional use approvals, was applicable to a conditional use approval which the landowner had acquired in 1979. Trial Judge STANDISH determined that the municipality properly refused to issue a building permit to the landowner in 1983 because his conditional use approval had expired under the terms of the amendment. We affirm.

On October 26, 1977, the landowner had applied for conditional use approval to construct a multi-family resi-

---

[1] By order dated January 29, 1986, Judge WILLIAM L. STANDISH of the Court of Common Pleas of Allegheny County determined that the landowner's failure to file a motion for post-trial relief following the entry of the declaratory judgment did not constitute a waiver of his right to appeal the declaratory judgment to this court because the trial court failed to comply with the necessary rules of civil procedure to indicate finality and appealability. *Greenwood Township v. Kefo, Inc.,* 52 Pa. Commonwealth Ct. 367, 370, 416 A.2d 583, 584-585 (1980).

dential development on his 9.5-acre tract of land which was located within a single-family residential district. The municipal council denied his application and the zoning hearing board affirmed that denial.

On July 17, 1979, the Court of Common Pleas of Allegheny County reversed the board's decision and ordered that the landowner's conditional use application be granted.

On March 26, 1980, the municipality enacted amendatory Zoning Ordinance No. 1617, Section 13.3.B, which provides:

> An approved conditional use shall be completed within two (2) years following the date of approval. However, the Planning Department may grant an extension of time if the landowner or his agent requests such an extension, and if good cause for the extension is shown. There are no other exceptions to this rule. If, at the end of the two (2) year period, the conditional use is not completed, and if no extension has been granted, the approval of the conditional use shall be null and void.

On October 5, 1983, the landowner applied for a building permit to begin construction of the multi-family residential development, consistent with the conditional use approval. The municipality denied the landowner's application for a building permit because, under Ordinance 1617, the landowner's approval for a conditional use had expired as of April, 1982, two years after imposition of the time limit.

The issue is whether the municipality properly applied a two-year limitation on a conditional use approval which the landowner acquired before the enactment of the limitation.

The landowner asserts that the Supreme Court's decision in *Appeal of Barefoot*, 437 Pa. 323, 263 A.2d 321

(1970), protected his conditional use approval from expiring, regardless of his inaction. However, the court in *Barefoot* relied on the *absence* of a time limitation both in the grant of the special exception and in the applicable ordinance, in order to determine that a landowner had not abandoned his grant even though he failed to act on it for six years. Here, the municipality amended the applicable ordinance to impose a time limitation on approved conditional uses and applied that limitation from the date of its enactment, *not* retroactively from the date of the landowner's court-ordered approval. Therefore, *Barefoot* is not controlling because that decision did not address the issue of the effect of a time limitation on an approval which had no time limitation when obtained.

The landowner also contends that this court's decision in *Hakim v. Board of Commissioners of the Township of O'Hara,* 27 Pa. Commonwealth Ct. 405, 366 A.2d 1306 (1976), precluded the municipality from applying any time limitation to a previously approved conditional use. In *Hakim,* the municipality attempted to impose new sewer system design specifications after the developer had already satisfied previous conditions regarding sewer construction when he had obtained tentative approval. Here, the relevant portion of the amended ordinance imposed only a procedural limitation upon the landowner's permission to construct a development as a conditional use; the time limitation did not add any new condition on how the landowner could use his land. Therefore, *Hakim* is not controlling.

We conclude that, when a landowner has obtained a conditional use approval, such an approval is subject to a later amendment of the applicable ordinance imposing a time limit upon the approval, if (1) the amendment contains no substantive change regarding the use of the land, (2) the amendment imposes a reasonable time

limit, and (3) the amendment is applied so that the full time limit is allowed from the date of the enactment of the amendment. Here, the municipality's amended ordinance and its application of it satisfied all of those requirements.

Accordingly, we affirm the sound decision of Judge STANDISH of the court of common pleas.

ORDER

Now, November 14, 1986, the order of the Court of Common Pleas of Allegheny County, Civil Division, at No. GD 84-13283, dated August 22, 1985, is affirmed.