SUSAN LUNDBORG *v.* WALFRID LUNDBORG, JR.
(5800)

BIELUCH, O'CONNELL and STOUGHTON, Js.

Argued April 18—decision released July 12, 1988

*Wesley W. Horton,* with whom, on the brief, were *Joseph L. Steinberg* and *Carol S. Widing,* for the appellant (defendant).

*Susan Lundborg,* pro se, the appellee (plaintiff).

STOUGHTON, J. The defendant appeals from the modification of a judgment rendered in an action for dissolution of marriage. We find error in part.

The plaintiff and the defendant married on April 5, 1967. There are two children of the marriage. W, a son, born on May 17, 1969, and V, a daughter, born on August 19, 1970. The marriage was dissolved on September 30, 1983, after a trial to *Hon. James P. Doherty,* state trial referee. The court awarded custody of the minor children to the parties jointly and ordered that W continue to reside with the defendant and that V continue to reside with the plaintiff, an arrangement to which the parties agreed. The court ordered the defendant to pay $50 per week toward the support of V and to provide Blue Cross, C.M.S., and major medical insurance or the equivalent thereof for the benefit of V. No order of support was made for W, who was to live with the defendant. Various other financial orders were made which are not the subject of this appeal.

On December 3, 1983, the court increased the amount to be paid toward the support of V from $50 per week to $100 per week. In 1986, each of the parties filed motions seeking modification or clarification of various orders made as a part of the judgment. The following motions were referred to and decided by the court: (1) the defendant's motion to modify support for V dated May 19, 1986; (2) the plaintiff's motion for contempt dated October 10, 1986; (3) the plaintiff's motion for orders dated December 2, 1986; and (4) the plaintiff's motion for clarification and modification of judgment dated December 1, 1986. On December 18, 1986, the court rendered its decision on these motions.

The defendant claims that the court erred in that (1) it increased child support payments when the plaintiff's

motion for clarification and modification did not request such relief, (2) it modified financial orders despite the lack of a financial affidavit from the moving party, and (3) it modified child support payments for V and initiated support payments for W without determining the needs of each child and the existence of a substantial, unanticipated change of circumstances.

The plaintiff's motion, dated December 1, 1986, requesting clarification and modification of the judgment, recited, inter alia, the following allegations: medical bills have been incurred for hospitalization and treatment of V which have not been paid, although the defendant guaranteed at least some of them; the defendant had made only $300 in child support payments since April of 1986; the defendant had not paid the private school attended by V in default of his contract; the defendant had refused to pay the private school attended by W although he had signed a contract with the school; the defendant had not paid medical bills incurred by W; W had changed his residence to live with the plaintiff, but the defendant had made no support payments for W and had neglected W's needs for many years. After making these and other allegations, the plaintiff requested the following relief: (1) a lump sum child support payment of $250,000; (2) that she be allowed to take over all health insurance policies in place for the children; (3) that the plaintiff be made the beneficiary of the $300,000 life insurance policy held by the defendant for her benefit and that of the children, and that she take responsibility for payment of the premiums; and (4) that the defendant pay the plaintiff's legal fees and pay to the plaintiff an equal amount for expenses.

The court denied the defendant's motion for modification of support. It ordered the defendant to bring to date alimony and child support payments but denied the plaintiff's motion for contempt. It further ordered

the defendant to reimburse the plaintiff $500 toward her legal expenses in connection with post judgment motions. The court also ordered the defendant to return certain personal property to the plaintiff and not to enter her place of residence, although it did not include those orders in the memorandum of decision. The defendant was ordered to reimburse the plaintiff 80 percent of uninsured psychiatric bills for the children and 50 percent of other uninsured medical and dental bills. None of these orders is challenged in this appeal.

The court found that since December 3, 1983, there had been a substantial change of circumstances relative to the matter of child support. He found that W had left the defendant's abode to live with the plaintiff when he was not away at school. He found that V had had severe emotional disturbances for which the child had been hospitalized, that the child was in need of continuing psychiatric care and treatment, that the child was living away from home and attending a school in Massachusetts, and that the plaintiff provided for V's living expenses at the place where the child was staying. The court then modified the child support order and directed the defendant to pay $150 per week for each of the children beginning on January 1, 1987. It also ordered the defendant to pay any and all bills for the schooling of the children which he had contracted to pay to the date of the order, but denied the plaintiff's request that the defendant be compelled to pay for the costs of education of the children at private educational institutions. The defendant attacks the orders increasing support for V from $100 to $150 per week, establishing support for W of $150 per week, and ordering payment of private school bills.

The right of a party to recover is limited to the allegations of the complaint, and what is in issue is determined by the pleadings. *Tehrani* v. *Century Medical Center,* 7 Conn. App. 301, 308, 508 A.2d 814 (1986).

The plaintiff did not request an increase in support for V, nor did she seek support payments for W. Rather, her first request was that she be given a lump sum of $250,000 so that she could support the children and so that she would not have to continue to resort to actions in court to compel payments which she believed that the defendant was obliged to make. None of the other three requests had anything at all to do with support payments for the children. It is basic that the movant may prevail only upon grounds of recovery which she has alleged. *Atlantic Richfield Co.* v. *Canaan Oil Co.,* 202 Conn. 234, 244, 520 A.2d 1008 (1987). A trial court cannot on its own initiative modify child support orders. *Guss* v. *Guss,* 1 Conn. App. 356, 361, 472 A.2d 790 (1984). In the absence of any motion requesting such relief, the court should not have ordered support for W nor increased support payments for V.

The order that the defendant pay any and all bills for the schooling of the children for which he had contracted to pay stands on a different footing. Although we will not entirely disregard our rules of procedure, we do give great latitude to pro se litigants in order that justice may be done. *Cugini* v. *Cugini,* 13 Conn. App. 632, 634, 538 A.2d 1060 (1988). The plaintiff failed to request the court to articulate the reasons for its order, as she might have done under Practice Book § 4051. We have reviewed the transcript and have determined that the court specifically refused to enforce an unwritten agreement which the plaintiff claimed the defendant had made to pay for the education of the children. Instead, the court directed that the defendant pay for the school year when he enrolled the children and signed for it, and to hold the plaintiff harmless for those obligations which the defendant agreed to assume. The defendant was not simply ordered to pay certain private school bills, as he has claimed, but to pay certain obligations which he himself had incurred. That is

implicit in the order that he pay for the schooling for which he contracted to pay. We have recognized that in some domestic cases unique or compelling circumstances may justify or require equitable relief. *Goold* v. *Goold,* 11 Conn. App. 268, 274, 527 A.2d 696, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987). The order that the defendant pay for expenses for which he alone contracted, in order to hold the plaintiff harmless, is justified in this case. We conclude that the court did not abuse its discretion in ordering such payments.

In light of this disposition, it is unnecessary to consider the defendant's other claims.

There is error in part, the judgment is set aside as to the order for periodic support of W and the order increasing the support of V and the case is remanded with direction to render judgment as on file with the exception of those orders.

In this opinion the other judges concurred.