[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principle issues in this appeal are (1) whether a subsequent owner of real property who requests an extension of time to obtain a building permit may challenge a condition of a special case permit for the property years after the granting of that permit to a previous owner, and (2) whether that present owner may, on appeal, claim that a member of the commission who voted on the request for an extension was biased when it could have but did not raise that claim before the commission. The court finds against the plaintiff and therefore dismisses the appeal.
The record, as supplemented by admissions and stipulations made during oral argument, reflects that several years ago[1]
the Zoning Commission of the Town of Stratford (commission) granted a petition for approval of a special case permit to construct thirty-four residence apartments. That application was submitted by Nicholas E. Owen II as representative of the property owner, Brian Silvestro, trustee. In Stratford, an "application for approval as a special case amounts to an application for a special exception." Maher v. Town Planning and Zoning Commission, 157 Conn. 420, 422, 254 A.2d 492 (1967). A special exception, in turn, is synonymous with a special permit. A. P. W. Holding Corporation v. Planning Zoning Commission,167 Conn. 182, 185, 355 A.2d 227 (1974), As a condition of its approval of the petition for a special case the commission directed that "a building permit shall be granted within eighteen months of this approval or all action taken by this Commission relative to this specific use shall be considered null and void." Two extensions of this time limit were previously granted by the commission.
By letter dated November 18, 1991, the plaintiff, a subsequent owner of the property, requested "an additional CT Page 927 eighteen month extension . . . [d]ue to the virtual impossibility of obtaining financing for this project as well as the present economic conditions. . . ." On February 10, 1992 the commission voted unanimously to grant only a three month extension. The plaintiff timely appealed to this court pursuant to General Statutes 8-8.[2]
 II.
With certain exceptions not relevant here, General Statutes8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the Superior Court. . . ." "`Board' means a municipal zoning commission"; General Statutes8-8(a)(2); such as the defendant commission here. In an appeal from a zoning authority the court should make a finding of aggrievement. Baccante v. Zoning Board of Appeals, 153 Conn. 44,45, 212 A.2d 411 (1965); Fox v. Zoning Board of Appeals,146 Conn. 665, 667, 154 A.2d 520 (1959). The evidence presented to the court establishes that the plaintiff is the owner of the subject property. "As the owner of the property that was the subject of the special permit application, the plaintiff is aggrieved . . . Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 308 592 A.2d 953 (1991); Bossert Corporation v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1968)." Grace Community Church v. Planning and Zoning Commission,42 Conn. Sup. 256 258, ___ A.2d ___ (1992).
 A.
The first two substantive claims of the plaintiff may be combined into one. The crux of these claims is that the commission had no authority to condition it original approval of the petition for a special case on the granting of a building permit within eighteen months. (Of course, it is manifestly inconsistent for the plaintiff to claim that the commission had no authority to impose a time limitation which the plaintiff also claims the commission has erred in not extending.) The short answer to the plaintiff's claims is that "a party may not challenge on appeal the validity of a preexisting condition to a special permit which it seeks to renew." Spectrum of Connecticut, Inc. v. Planning and Zoning Commission, 13 Conn. App. 159,162, 535 A.2d 382 (1988), cert denied, 207 Conn. 804,540 A.2d 373 (1988), cited with approval in Upjohn Co. v. Zoning Board of Appeals, 224 Conn. 96, 102-103, ___ A.2d ___ (1992). CT Page 928
In Upjohn, the "dispositive issue" was whether Upjohn could "collaterally attack, in a zoning enforcement proceeding brought in 1986, the validity of a condition to zoning permits that had been imposed in 1983 but that had not been challenged by direct appeal at that time." Id., 97. Arguably, the case for permitting a collateral attack in such an enforcement proceeding is stronger than it is here since "estoppel will not prevent a challenge to the validity of a [condition] where there is compliance with a [condition] that requires a duty mandatory in form, accompanied by penalties for failure to obey [it] . . . or which is otherwise coercive; in such cases, the element of voluntary action [such as requesting an extension for the condition] essential to waiver or estoppel is absent." Helbig v. Zoning Commission, 185 Conn. 294, 299, 440 A.2d 940 (1981). In Upjohn the Planning and Zoning Commission in 1982 approved applications for a "fill permit" and site plan approval "to erect and enclose certain structures in connection with the waste water treatment system on [plaintiff's] property." Upjohn Co. v. Zoning Board of Appeals supra, 98. Condition seven of that approval provided "`that a plan be submitted with a timetable for the elimination of future sludge production and removal of all existing sludge from the Upjohn site.'" Ibid. Upjohn did not appeal the imposition of that condition. When Upjohn did not comply with that condition the zoning enforcement officer brought an enforcement action against Upjohn, in 1986, in which Upjohn claimed that condition seven was void and unenforceable. Id., 99.
The Supreme Court held that Upjohn could not launch a tardy attack on a condition of its permit. Preliminarily, the court acknowledged that since a zoning commission was a creature of the state exercising limited powers, conditions to a special permit that the commission had no authority to impose could be invalidated "on direct appeal." Id., 101. Also, the court "recognized the principle that certain actions of zoning authorities may be attacked in an independent action after the time period for an appeal has passed. The application of this principle, however, has generally been confined to cases of defective statutorily required published notice to the public." Ibid. "Neither of these principles, however," the court explained, "requires the conclusion . . . that the recipient of a zoning permit that had been granted subject to a condition may accept both the benefits of the permit and the condition attached to it, by failing to challenge the condition by way of a direct appeal . . . and then, years later, defend against the CT Page 929 enforcement of the condition by attacking the validity ab initio. We conclude that Upjohn, having secured the permits in 1983 subject to condition seven and not having challenged the condition by appeal at that time was precluded from doing so in the 1986 enforcement proceedings. . . ." Id., 101-102.
The principle rationale underpinning the court's holding in Upjohn was "the need for stability in land use planning and the need for justified reliance by all parties — the interested property owner, any interested neighbors and the town — on the decisions of the zoning authorities." Id., 102. Moreover, in its opinion, the court eschewed the distinction, made in Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303,312-316, 547 A.2d 569 (1988), permitting a collateral attack on a condition depending "on the type of permit to which the condition originally attached or on whether the challenge is viewed as being to the agency's jurisdiction or to the proper exercise of its jurisdiction." Upjohn Co. v. Zoning Board of Appeals, supra, 104 n. 6. Rather, the court restated that "[t]he modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal. . . . Under this rationale, at least where the lack of jurisdiction is not entirely obvious, the critical considerations are whether the complaining party had the opportunity to litigate the question of jurisdiction in the original action, and, if he did have such an opportunity, whether there are strong policy reasons for giving him a second opportunity to do so." Id., 104, quoting Vogel v. Vogel,178 Conn. 358, 362-63, 422 A.2d 1230 (1979).
The only semblance of a "policy reason" advanced by the plaintiff for affording him such an opportunity is that since he was not the original applicant, he never had an opportunity to challenge the imposition of the condition when it was first imposed. This is unpersuasive. Like a variance, a special permit is not a personal privilege. "It is as legal status granted to a certain parcel of realty without regard to ownership." Garibaldi v. Zoning Board of Appeals, 163 Conn. 235,239, 303 A.2d 743 (1972); cf. Frito-Lay Inc. v. Planning and Zoning Commission, 206 Conn. 554, 575, 538 A.2d 1039
(1988). A successor in interest to such realty succeeds to the benefits and to the conditions of a land use permit to which the CT Page 930 realty is subject. Audette v. Coletti, 539 A.2d 520, 522 (R.I. 1988); Appeal of Barefoot, 437 Pa. 323, 263 A.2d 321, 322
(1970); 83 Am.Jur.2d, Zoning and Planning, 1013.
The Upjohn court did recognize "that there may be exceptional cases in which a previously unchallenged condition was so far outside what could have been regarded as a valid exercise of zoning power that there could not have been any justified reliance on it, or in which the continued maintenance of a previously unchallenged condition would violate some strong policy." Upjohn v. Zoning Board of Appeals, supra, 104-105. This, however, is not a case where the condition is outside the valid exercise of zoning power. Section 20.3 of the zoning regulations, paragraph two, provides: "Any petition approved as a Special Case and no building shall have been started within eighteen months of the final approval by the Commission or no extension been granted by the Commission, the area shall revert back to its original status. In the event court action is taken against such approval, the six month period for approval of final plans shall commence immediately following final judicial action." While this provision, which has not been challenged by the plaintiff, addresses the time within which building must start, and while the condition addresses the time within which the plaintiff must obtain a building permit, it cannot be held that the condition "was so far outside what could have been regarded as a valid exercise of the zoning power that there could not have been any justified reliance on it. . . ." Id., 105. Indeed the requests for extensions made by the plaintiff's predecessor in title belie any claim that there was no reliance on the condition. Finally, neither the plaintiff, nor the court, has identified "some strong public policy" which would be violated by the continued maintenance of the condition. Id., 105. For these reasons the court concludes that the plaintiff, though it is not the original applicant, may not collaterally attack the condition of the special case permit previously imposed by the commission several years ago.
 B.
The other principle claim advanced by the plaintiff is that commission member Susan Youngquist had a disqualifying interest in the subject matter of the plaintiff's request, thereby invalidating the commission's action. The plaintiff claims that before she became a member of the commission, Ms. Youngquist, in 1981, opposed an application for a special case to allow CT Page 931 apartments to be built on the subject property. When an appeal was taken from the commission's action, she allegedly appeared in court in support of the opponents to the project.
But for the admissions by counsel, this claim would not be subject to review at all. The factual predicate for Youngquist's claimed disqualification is not contained in the record, and the documents attached to plaintiff's brief cannot be considered as evidence. See footnote 2, supra. However, in oral argument to the court the defendant's attorney conceded that had the plaintiff timely demanded that Youngquist recuse herself her failure to do so would have been improper, albeit not harmful since the vote to grant the plaintiff only a three month extension was unanimous. For its part, the plaintiff concedes that it knew of the causes for Youngquist's disqualification at the time of the proceeding below but did not request that she recuse herself because it expected her to do so suo motu.
"While no cases are factually identical, the present appeal [is] similar to, and in essence controlled by, [Fletcher v. Planning and Zoning Commission, 158 Conn. 497, 264, A.2d 566 (1969)]." Bonaldo v. Board of Zoning Appeals, 146 Conn. 595,598, 153 A.2d 429 (1959). In Fletcher, the plaintiff, owner of real property, appealed from the denial of his applications for a change of zone and for amendments to the zoning regulations. On appeal to the superior court the plaintiff claimed that three members of the commission were disqualified. The superior court sustained the plaintiff's appeal. On appeal to the Supreme Court the defendant "claim[ed] that the [superior] court erred in concluding that the decision of the commission was invalid because three of its members were disqualified from participating in it. The [superior] court found that none of the three had any personal interest, pecuniary or otherwise, in the subject matter of the application, that none of them acted from any improper motive, and that there was no evidence of any conflict of interest on the part of any of them. Nevertheless the court concluded that by failing to disqualify themselves, each took a position tending to weaken public confidence in the fair and impartial exercise of zoning powers" and, therefore, that court sustained the plaintiff's appeal. Fletcher v. Planning and Zoning Commission, supra, 504.
In Fletcher, the plaintiff's attorney "invited" the commission members "to reflect upon" the statutory requirements for disqualification; see General Statutes 8-11; "and `invited' CT Page 932 any member who felt that he should disqualify himself to do so." Ibid. (footnote omitted). In the public hearings on the plaintiff's applications "the three members of the commission made full disclosure of the basis for any possible disqualification. It appeared that two of them before becoming members of the commission, had signed a petition opposing the plaintiff's application and that one of these two, who had asked to have his name stricken from the petition before becoming a member of the commission, was also an officer and director of an organization which opposed the plaintiff's application. A third member of the commission had belonged to an organization which opposed the plaintiff's application, but he had not participated in the organization's decision to oppose the application and had resigned from the organization. The first two, after reciting their situation as aforesaid, stated that any prior expressions of views notwithstanding they would decide the plaintiff's application on the evidence produced at the hearing having in mind the best interests of the town." Id. 505. "The plaintiff was represented by counsel throughout the hearing. Although he and his counsel were fully aware of the facts which form the basis for the claim made in the trial court . . . that the three members of the commission were disqualified, no direct challenge to the qualification of any member was made at the hearing before the commission." Ibid.
The Supreme Court held that the Superior Court had erred in entertaining the plaintiff's claim that members of the commission were disqualified, stating,
 we have, in the present case, a situation in which counsel, in full possession of the facts, declined, after raising the issue, either to challenge any member of the board directly or, when that opportunity was volunteered to him by the commission itself, to request a new hearing. We have said that modern procedural concepts "regard with disfavor the failure, whether because of a mistake of law, inattention or design, to object to errors occurring in the course of a trial until it is too late for them to be corrected, and thereafter, if the outcome of the trial proves unsatisfactory, the assignment of such errors as grounds of CT Page 933 appeal." State v. DeGennaro, 147 Conn. 296, 304, 160 A.2d 480, cert. denied, 364 U.S. 873, 81 S.Ct. 116, 5 L.Ed.2d 95. Instead of taking forthright action, counsel left to the members of the commission the determination of the question whether they felt themselves to be disqualified. They obviously considered themselves not disqualified and stated that they could and would decide the application on the evidence presented. They appear to have acted honestly since the court expressly found that they were actually disinterested and that none of them acted from improper motives. Counsel chose to allow them to decide the application which was before them and to take the chance that the decision would be favorable to the plaintiff. That choice having been made deliberately, the decision of the commission should not be disturbed in the light of the express finding by the court that no personal or pecuniary interest, no conflict of interest and no improper motive were involved.
Fletcher v. Planning and Zoning Commission, supra, 507-508; see McGavin v. Zoning Board of Appeals, 26 Conn. Sup. 251, 254,217 A.2d 229 (1965); see also Upjohn Co. v. Planning and Zoning Commission, supra, 89; Lurie v. Planning and Zoning Commission,160 Conn. 295, 311, 278 A.2d 799 (1971); A.R.F. Landfill, Inc., v. Pollution Control Boards, 174 Ill. App.3d 82,123 Ill.Dec. 845,528 N.E.2d 390, 392-94 (1988), appeal denied, 123 Ill.2d 555
128 Ill.Dec. 887, 535 N.E.2d 398 (1988); Lilley v. City of Carmel, 527 N.E.2d 224, 227 (Ind.App. 1988); Hill v. Dept of Labor and Industries, 9 Wash.2d 276 580 P.2d 636, 639 (1978).
A principle distinction between this case and Fletcher that here the plaintiff appeared before the commission unrepresented whereas the plaintiff in Fletcher was represented by counsel. However, this is a distinction which, while real, cannot make a difference under our case law on these facts. "Although we will not entirely disregard our rules of procedure, we do give great latitude to pro se litigants in order that CT Page 934 justice may be done." Lundborg v. Lundborg, 15 Conn. App. 156160, 543 A.2d 783, cert. denied, 209 Conn. 818, 551 A.2d 756
(1988). A pro se litigant's unpreserved claim of bias is reviewed on appeal, if at all, not to determine whether mere error was committed under the exactitudes of our case law, but to determine whether the pro se litigant was denied fundamental justice. LoSacco v. Young, 20 Conn. App. 6, 9, 564 A.2d 610, cert. denied, 213 Conn. 808, 568 A.2d 798 (1989) (unpreserved claim that pro se plaintiff denied fair trial by judge's comments to him in jury's presence, reviewed). Since the record fails to reflect that the commission member here was "directly or indirectly interested in a personal or financial sense" in the subject of the plaintiff's request; General Statutes 8-11; nor that she bore personal animosity against the plaintiff, the court cannot conclude that the commission's unanimous decision should be invalidated because she failed to recuse herself suo motu. Cf. Murach v. Planning and Zoning Commission, 196 Conn. 192,200-206, 491 A.2d 1058 1985).[3]
The plaintiff's reliance on Brunswick v. Inland Wetlands Commission, 29 Conn. App. 634 ___ A.2d ___ (December 8, 1992), is unavailing. In Brunswick, the court found that a commission member should have been disqualified from voting on an application for a wetlands permit and subdivision approval because his prior acts created such "a strong appearance of a conflict of interest that the public [would] suffer a serious loss of confidence in the commission." Id., 640. That commission member had a history of receiving sizable construction contracts in connection with subdivisions he had voted to approve. Ibid. In Brunswick, however, there was no claim that the issue of conflict of interest was not timely raised. "Appellate opinions serve as authority for only those issues actually decided by the court. State v. Darwin,161 Conn. 413, 421, 288 A.2d 422 (1971)." State v. Sawyer, 29 Conn. App. 68,72, 614 A.2d 471 (1992) (en banc), cert. granted,224 Conn. 917, ___ A.2d ___ (1992.
 C.
The plaintiff next claims that its request for an extension must be deemed automatically granted by operation of law because the commission did not timely act on the application pursuant to General Statutes 8-7d(a). See Vartuli v. Soitre, 192 Conn. 353,472 A.2d 335 (1984); Leo Fedus and Sons Construction Co. v. Zoning Board of Appeals, 27 Conn. App. 412, 418, 420, CT Page 935606 A.2d 725 (1992), cert. granted, 222 Conn. 911, 608 A.2d 694 (1992); Marandino v. Planning Zoning Commission, 21 Conn. App. 421,573 A.2d 768 (1990); Carr v. Woolwich, 7 Conn. App. 684,510 A.2d 1358 (1986), cert. denied 201 Conn. 804, 513 A.2d 698
(1986); University Realty Inc. v. Planning Commission, 3 Conn. App. 556,490 A.2d 96 (1985). With the exception of a circumstance not present here, General Statutes 8-7d(a) provides that "in all matters wherein a formal petition, application, requests or appeal must be submitted to a zoning commission, planning and zoning commission or zoning board of appeals under this chapter and a hearing is required on such petition, application, request or appeal, such hearing shall commence within sixty-five days after receipt of such petition, application, request or appeal and shall be completed within thirty days after such hearing commences. All decisions on such matters shall be rendered within sixty-five days after completion of such hearing. The petitioner or applicant may consent to one or more extensions of any period specified in this subsection, provided the total extension of any such period shall not be for longer than the original period as specified in this subsection, or may withdraw such petition, application, request or appeal." While the statute does not explicitly set forth a sanction for untimely action by the commission, our appellate courts have held that the remedy of approval of the petition; application or request by operation of law is inherent in the mandatory command of the statute. See e.g. Leo Fedus v. and Sons Construction Co. v. Zoning Board of Appeals, supra.
To obtain the judicially fashioned remedy "under the statute, a plaintiff must being himself squarely within its provisions." Sanders v. Officers Club of Connecticut Inc.,196 Conn. 341, 349, 493 A.2d 184 (1985). The plaintiff has not identified nor has the court located any provision of the regulations or of the general statutes which requires that a "formal" petition, application or request be filed in order to obtain an extension of time or other modification of a condition on a special permit. It has been held that a request for such an extension need not be treated as a new application for a special permit, to which such formalities notice and a hearing apply. New York Life Insurance Co. v. Galvin, 35 N.Y.2d 52,358 N.Y.S.2d 724, 728, 315 N.E.2d 778, 781 (1974). Moreover, that the commission entertained the plaintiff's request, which was informally made in a four sentence letter, suggests that no such requirement exists in the regulations. Compare Zoning Regulations of the Town of Stratford 22.3 (all applications, CT Page 936 appeals or petitions shall be on a form supplied by the commission). At oral argument the plaintiff conceded that his letter was an informal request and that nothing more formal was required. Since neither "a formal petition application, request or appeal" was required, General Statutes 8-7d(a) is inapplicable, and the plaintiff is not entitled to automatic approval of its requested extension by operation of the law.
 D.
With respect to the merits of the plaintiff's request, it is necessary to be mindful of the nature of a special permit. "A special permit allows a property owner to use his property in a manner expressly permitted by the local zoning regulations. . . . The proposed use, however, must satisfy standards set forth in the zoning regulations themselves as well as the `conditions necessary to protect the public health, safety, convenience and property values.' General Statutes 8-2; Anastasi v. Zoning Commission, 163 Conn. 187, 190, 302 A.2d 258
[1972]." A.P.W Holding Corporation v. Planning and Zoning Board, 167 Conn. 182, 185, 355 A.2d 91 (1974). "When considering an application for a special permit, the commission is called upon to make a decision as to whether a particular application . . . would be compatible with the particular zoning district, under the circumstances then existing." (Emphasis in original in part; emphasis added in part.) Barberino Realty Development Corp. v. Planning Zoning Commission, 222 Conn. 607,614, 610 A.2d 1205 (1992).
Whether to grant the plaintiff's request for an extension of time to obtain a building permit was a matter reposed in the broad discretion of the commission. While this court cannot de novo substitute its discretion for that of the commission, it can and must examine the record to determine whether that discretion was abused. Chouinard v. Zoning Commission,139 Conn. 728, 731, 92 A.2d 562 (1953).
The record, as supplemented by the stipulations of the counsel during oral argument, reflects that preliminary approval, at the very least, was given for this project in 1981. Final approval appears to have been given in 1988. Prior extensions of time already had been granted, one to April 1991, the other to April 1992. While only the individual views of certain members are contained in the record, since the commission as a body did not state the reasons for its action; CT Page 937 Suburban Development Corporation v. Town Council 158 Conn. 301,302, 259 A.2d 634 (1969); Schwartz v. Town Planning and Zoning Commission 16 Conn. 285, 290, 362 A.2d 1378 (1975); Welch v. Zoning Board of Appeals, 158 Conn. 208, 214, 257 A.2d 795
(1969); the court may search the record and cull from it any reason which supports the commission's action. Gagnon v. Inland Wetlands Watercourses Commission 213 Conn. 604, 607-609569 A.2d 1094 (1990); Parks v. Planning and Zoning Commission,178 Conn. 657, 661-62, 425 A.2d 100 (1979); Shailer v. Planning Zoning Commission, 26 Conn. App. 17, 30-331, 596 A.2d 1336
(1991). Given the amount of time that had elapsed, the commission could well have concluded that it was more appropriate for the applicant to return to the commission with a new application which could be examined "under the circumstances Barberino Realty Development Corp. v. Planning Zoning Commission, supra. The plaintiff's president conceded that it had "been the position of the Board [sic] in the past not to grant more than one extension on any special case approval." The record reflects that the commission was striving to fashion and apply a uniform policy on extensions of special case permits in light of the adverse economic conditions which were generating such requests. The record also reflects that the treatment afforded the plaintiff and its predecessors in interest was at least as generous as that afforded to others. The commission did not act illegally, arbitrarily or in abuse of its discretion in granting the plaintiff an additional three months within which to obtain a building permit for this project.
As for the plaintiff's claim that the commission was bound either to grant its request for an eighteen month extension of time or to grant no extension at all, the plaintiff's "argument posits `a proposition for which he offers no authority other than assertion' State v. Levine, 5 Conn. 207, 209, 497 A.2d 774 cert. denied, 197 Conn. 816, 500 A.2d 1337 (1985)." State v. Mancinone, 15 Conn. App. 251, 288, 545 A.2d 1131, cert. denied,209 Conn. 818, 551 A.2d 757 (1988), cert. denied, 489 U.S. 1017,109 S.Ct. 1132, 103 L.Ed.2d 194 (1989). "The mere statement of such a proposition is sufficient to refute it." Whiteside v. State, 148 Conn. 77, 80, 167 A.2d 450 (1961).
This appeal is dismissed.
LEVIN, JUDGE CT Page 938