[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have taken the present administrative appeal from the action of the defendant commission in denying an application for a change of zone from Residence A to Design Business District No. 1 and for a special permit for the proposed use of the property owned by the plaintiffs. The property consists of three separate but contiguous parcels of land owned by three entities, all of whom are plaintiffs. All three parcels are located in a Residence A zone, and two of the parcels, through a series of variances of zoning regulations, have been used for an extended period of time for business uses including medical and professional offices. The third parcel (Anton Street parcel) is separated from the other two parcels by a brook and presently has an unoccupied building which is to be demolished. The plaintiffs submitted plans for construction of additional parking spaces and the erection of a 52,000 square foot building and other improvements on the Anton Street parcel.
In November of 1988, the defendant commission approved an application for a change of zone and for a special permit similar to the application and request made in the present case. Upon an appeal in that case, the court, Dean, J., sustained the appeal on the technical ground of a failure to file plans with boundaries in the clerk's office. At that time Judge Dean indicated that were it not for that technical reason, he would dismiss the CT Page 4298 appeal.
In the present case the commission denied the application for a change of zone and the special permit citing the following reasons:
 1. "The granting of this petition would result in spot zoning.
 2. The proposed downgrading of the zone classification of this site to Design Business No. 1 would result in further encroachment of business zone use into the A-Residence Zone with an inappropriate additional use.
 3. The development of the subject site did not conform with the comprehensive plan of development of the City of Bridgeport.
 4. The additional business would have an adverse impact upon traffic conditions along Main Street in the vicinity of the subject site."
When rezoning properties, a zoning commission acts in its legislative capacity. Primerica v. Planning Zoning Commission,211 Conn. 85, 96 (1989). When acting legislatively, a zoning commission may reverse a prior decision or approval after first demonstrating a substantial change in conditions since the time of the initial approval. Suburban Development Corp. v. TownCounsel of West Hartford, 158 Conn. 301, 303 (1969).
The plaintiffs have attacked each of the four reasons assigned by the commission in its denial of the application. However, "[I]f anyone of those reasons would support its action, the defendant's decision will not be disturbed." Nicoli v.Planning Zoning Commission, 171 Conn. 89, 94 (1976).
In the present case the plaintiffs' application is not limited to the utilization of the two parcels which, for many years, have been devoted to commercial uses. The application envisions the utilization of a presently unimproved parcel of land (with an unoccupied building which is to be demolished) in a Residential A district and to construct thereon a 52,000 square foot building in addition to numerous parking spaces. The downgrading of the Anton Street property from an A-Residence zone CT Page 4299 to a Design Business No. 1 zone and the construction of the contemplated structure and parking spaces would constitute a further encroachment of a business zone into a residence zone and is supported by the record. Whether such action is appropriate or inappropriate is a matter within the province of the zoning commission to decide.
Accordingly, the appeal filed by the plaintiffs is hereby dismissed.
RUSH, J.